The error pointed out requires a reversal of the judgment, which is ordered.

---

LOVE v. ROCKWALL INDEPENDENT SCHOOL DIST. et al.  (No. 8187.)

(Court of Civil Appeals of Texas. Dallas. Oct. 23, 1920. Rehearing Denied Nov. 27, 1920.)

1. Schools and school districts ⊕⟝97(7) — Bonds not presented to Attorney General for approval are not void.

The fact that bonds issued and sold by a school district had not been presented to the Attorney General for his approval does not invalidate the bonds so as to invalidate a levy to pay the interest and provide a sinking fund.

2. Schools and school districts ⊕⟝100 — Tax may be levied to pay interest on refunding bonds not yet issued.

Where an issuance of bonds to refund an outstanding issue had been authorized, but the refunding bonds had not been issued because the holders of the original bonds had only recently been located and their agreement to a substitution of the bonds or their payment in cash secured, a levy of the tax to pay the interest on the refunding bonds is legal.

3. Schools and school districts ⊕⟝41(2) — Indebtedness of former district for property taken by new may be charged on added territory.

Where a new school district was formed by adding territory to a former district, the indebtedness of the former district for the construction of the school buildings which became the property of the new district may be lawfully made a charge upon the new district, including the lands added thereto.

Appeal from District Court, Rockwall County; Joel R. Bond, Judge.

Suit by A. E. Love against the Rockwall Independent School District and others. Judgment for defendants, and plaintiff appeals. Affirmed.

See, also, 194 S. W. 659.

A. H. Mount, of Dallas, for appellant.
T. B. Ridgell, of Rockwall, for appellees.

RAINEY, C. J. The appellant, Love, owning land in the territory annexed by an act of the state Legislature to the Rockwall independent school district, brought this suit against the trustees of said Rockwall independent school district, and alleged for cause of action as follows:

---

⊕⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"(1) That heretofore, in the year 1909, common school district No. 2 of Rockwall county, Tex., voted and issued school bonds for building purposes in the amount of $25,000, said bonds maturing 40 years from date, together with an authorization of the levy and collection of a tax of 25 cents on the $100 valuation on all taxable property within said district to create a fund with which to pay interest on said bonds at the rate of 5 per cent. and a sinking fund to redeem said bonds at maturity. The bonds were issued and sold, and the proceeds thereof used in the erection of a school building in said common school district No. 2. Thereafter, in the year 1913, the Legislature created the Rockwall independent school district. That the territory constituting the independent school district included all the common school district No. 2, and other adjacent territory not theretofore within common school district No. 2.

"(2) During the year 1917 $5,500 of the principal of said indebtedness was paid by the trustees of said independent school district, and there is now outstanding and unpaid bonds in the principal sum of $18,500, which will mature in about 33 years from this date.

"(3) That on the 25th day of August, 1917, at an election held within the said independent school district, a majority of the qualified voters therein voted in favor of the issuance of refunding bonds in the sum of $18,500 payable 33 years from their date, and bearing interest at the rate of 5 per cent. per annum for the purpose of taking up, paying off, and discharging in full the outstanding bonded indebtedness of common school district No. 2, which outstanding bonded indebtedness was created long prior to the creation of Rockwall independent school district, as aforesaid. In the order providing for said election, in the notice thereof, and in the order declaring the result thereof, it was specifically stated that said election was for the purpose of voting new bonds with which to refund said outstanding bonded indebtedness theretofore voted by common school district No. 2. The order of election and the notice thereof provide that the voters of said election shall be annually levied, assessed, and collected on all the taxable property in said district for the year 1917, and annually thereafter while such bonds or any of them are outstanding a tax sufficient to pay the current interest on said bonds, and provide a sinking fund sufficient to pay the principal at maturity, but said order and notice do not state the maximum rate, or any rate, which may be levied by the board of trustees for said independent school district.

"That thereafter, on the ——— day of August, 1917, the said board of trustees made and entered its order declaring the result of election, and therein provided for the issuance of said refunding bonds, and passed and entered its order levying a tax of 15 cents on the $100 valuation on all taxable property in said independent school district, and its order providing for the collection of such tax for the purpose of paying interest on said new refunding bonds for the year 1917, and to provide for a portion of the sinking fund with which to redeem said refunding bonds at maturity. That the county tax assessor for Rockwall county was ordered by the said board of trustees to assess said taxes, which was accordingly done, and the tax collector, R. E. Maclin, one of the defendants herein, was ordered to collect said tax.

"(4) No separate tax roll has ever been made for Rockwall independent school district and approved as required by law. That the said R. E. Maclin, tax collector, has been collecting the taxes from the taxpayers in Rockwall independent school district, both those living within the territory added to common school district No. 2 as well as those living within the territory which originally comprised said common school district No. 2, and such collections have been made in obedience to the order of said board of trustees as aforesaid. That the plaintiff owns land and taxable property lying both within the territory formerly comprising common school district No. 2 and also in the territory added thereto in the creation of said independent school district; that plaintiff is willing and has offered to pay his state and county taxes to the tax collector, and is willing to pay any legitimate school tax properly and legally assessed against his property in said independent school district, but the tax collector refuses to accept the payment of the taxes which plaintiff would show to be legal without the payment of the illegal taxes also.

"(5) At the time of the levy of the 15-cent bond tax aforesaid the said board of trustees also made and entered its order in a like manner, providing for the levy, assessing, and collecting of a tax of 35 cents on the $100 valuation for the purpose of maintaining the public schools in said district.

"That the taxable property within the territory formerly common school district No. 2 is of the value of $750,000; that a tax of 20 cents on the $100 is required to pay the current interest annually on said old bonds, and create a sinking fund sufficient to pay the principal at maturity.

"That the laws and Constitution of the state prohibit a greater tax than 50 cents on the $100 for bonded indebtedness and maintenance combined; that, after levying and collecting of the tax of 20 cents for the bonded indebtedness, the greatest rate that can be levied and collected for maintenance purposes is 30 cents on the $100.

"(6) That, although the voters in said independent school district at said election held in August, 1917, voted for said refunding bonds, and for a tax with which to discharge them, the said board of trustees has failed and refused to issue said refunding bonds, and has failed and refused to replace the old bonds with such refunding bonds as such board by such election was authorized and ordered to do. That the only bonds that have ever been issued are the outstanding unpaid bonds of the old issue by common school district No. 2, and no bonds whatever have ever been issued, and there is now no outstanding bonded indebtedness against the Rockwall independent school district, and there is no authority in law for the levying, assessing, and collecting of taxes against the taxable property in Rockwall independent school district in the absence of the existence of an outstanding bonded indebtedness against said independent school district.

"That the only authority conferred by the

Constitution of this state upon said board of trustees is the authority to levy and collect sufficient taxes against the taxable property situated in the territory comprising common school district No. 2 with which to pay the bonded indebtedness created by said common school district No. 2, now outstanding.

"(7) That, unless restrained, the said board of trustees and the said tax collector will collect the *illegal taxes from this plaintiff that have been assessed against his property in said independent school district that lies outside of the territory formerly comprising common school district No. 2, and said levy and assessing creates a lien against plaintiff's real estate lying within said territory, and will cast a cloud upon the title of his said land. The value of all the taxable property situated in said added territory is about $240,000. The value of plaintiff's property situated therein—that is, assessed value—is $7,000.

"Wherefore plaintiff prays that the court in chambers issue his most gracious writ of injunction temporarily restraining the defendants from the collection of said taxes, and that upon final hearing hereof said injunction be perpetuated; that said board of trustees be required to levy sufficient taxes against the taxable property in the territory formerly known as common school district No. 2 with which to pay the bonded indebtedness outstanding against the taxable property in said territory, and that said board of trustees be further temporarily and permanently restrained from collecting a greater tax against plaintiff's property for maintenance purposes than 30 cents on the $100 valuation thereof, and for such other and further relief, in law and equity, to which plaintiff may be entitled."

The same facts are practically stated in the opinion of this court heretofore decided and reported in 194 S. W. 659, by former Associate Justice Rasbury.

In this appeal appellant seeks to enjoin the present judgment, and assigns that—

"The court erred in rendering judgment against the plaintiff denying the injunction prayed for, because the undisputed evidence shows that the refunding bonds which were authorized to be issued by the election held in August, 1917, have never been issued by the board of trustees of the Rockwall independent school district, and that there is no debt outstanding against the Rockwall independent school district warranting and justifying the levy and collection of taxes against plaintiff's property."

[1] The record shows that at the time the Legislature instituted the present independent school district there existed the common school district No. 2, which last district was added to said independent school district, and at the same time there was added about three miles of adjacent territory, all of which now constitute said independent school district. Before the passage of the act constituting said district as it now exists, common school district No. 2 had, prior thereto, legally ordered the issuance of $25,000 school bonds, which bonds have not been presented to the Attorney General for approval, which we hold does not invalidate the bonds, as such bonds are subject to such approval, and the neglect of said trustees in not presenting them for approval does not avoid the bonds, if the bonds when presented are approved. Therefore the fact of the bonds not having the approval in this instance does not affect the issuance of an injunction. The issuance of the bonds was legally voted by common school district No. 2, and the original Rockwall district under said act of the Legislature became the owner of all the property of common school district No. 2, and said trustees passed the following order:

"Rockwall, Tex., July 30, 1917.

"On this July 30, 1917, came on to be heard and considered a petition in writing signed by Alex L. Martin and 20 other persons asking that an election as hereinafter ordered be ordered by this board for the purpose hereinafter set forth:

"And it appearing to the satisfaction of the board that said petition is signed by at least 20 qualified taxpaying voters of the Rockwall independent school district, and that the election petitioned for should be ordered:

"It is therefore ordered by the board of trustees of the Rockwall independent school district that an election be held at Rockwall, in Rockwall county, Tex., in and at the city hall on the north side of the public square of said town, and which is within this district, on the 25th day of August, A. D. 1917, to determine whether the bonds of said Rockwall independent school district shall be issued to the amount of $18,500 payable 33 years from their date, and bearing interest at the rate of 5 per cent. per annum, for the purpose of taking up, paying off, and discharging in full the present outstanding bonded indebtedness of common school district No. 2, which bonded indebtedness of common school district No. 2 was created before the Rockwall independent school district was created, and which bonded indebtedness of said common school district No. 2 was made and used in the erection and construction of the present school building and grounds which are now owned by the Rockwall independent school district and were taken over from said common school district No. 2; the proceeds of the bonds to be voted upon to be used for the purpose of paying off, taking up, and refunding the outstanding bonded indebtedness of said common school district No. 2, which was taken over and absorbed by the Rockwall independent school district together with its property, and whether there shall be annually levied, assessed, and collected on all the taxable property in said district for the current year and annually thereafter while said bonds or any of them are outstanding a tax sufficient to pay the current interest on said bonds and provide a sinking fund sufficient to pay the principal at maturity.

"J. C. Gaines is hereby appointed manager of said election, which shall be held as nearly as may be possible in conformity with the general election laws of this state.

"No person shall vote at said election unless

he be a qualified voter under the Constitution and laws of this state and a taxpayer in said Rockwall independent school district.

"Those in favor of the issuance of the bonds and the levying of the tax shall write or print on their ballots, 'For the Bonds and the Tax,' and those against the issuance of the bonds and the levying of the tax shall write or print on their ballots, 'Against the Bonds and the Tax.'

"Public notice of said election shall be given by placing notices of the same signed by the president and attested by the secretary of this board in three different portions of the Rockwall independent school district at least 30 days before the election. J. E. Austin, President Board of Trustees of the Rockwall Independent School District. Attest: R. E. Benbrook, Secretary of the Board."

They also passed the following order:

"Order Declaring the Result of Election and Making Tax Levy.

"At a regular meeting of the trustees of the Rockwall independent school district the following members were present: J. L. Austin, C. M. Jackson, J. S. Shook, A. L. Atkins, Wallace Lofland, J. D. McDonald, and R. E. Benbrook. Thereupon came on to be considered the result of the election heretofore made, when it is ordered unanimously as follows:

"On this, the 30th day of August, came on to be considered the returns of an election held on the 25th day of August, A. D. 1917, to determine if the bonds of this district shall be issued to the amount of $18,500 payable 33 years after date and bearing interest at the rate of 5 per cent. per annum for the purpose of taking up, paying off, and discharging in full the present outstanding bonded indebtedness of common school district No. 2, which bonded indebtedness of common school district No. 2 was created before the Rockwall independent school district was created, and which bonded indebtedness of said common school district No. 2 was made and used in the erection and construction of the present school building and grounds which are now owned by the Rockwall independent school district and were taken over from said common school district No. 2. The proceeds of these bonds are to be used for the purpose of paying off, taking up, and refunding the outstanding bond indebtedness of said common school district No. 2, which was taken over and absorbed by the Rockwall independent school district together with its property, and if there shall be annually levied, assessed, and collected on all the taxable property in said district for the current year and annually thereafter while said bonds or any of them are outstanding a tax sufficient to pay the current interest on said bonds and provide a sinking fund sufficient to pay the principal at maturity, and it appearing from said returns duly and lawfully made that there was cast at said election 235 votes of which number 170 votes were cast for the bonds and the tax and 65 votes were cast against the bonds and the tax.

"It is therefore found and declared and so ordered by the board of trustees of the Rockwall independent school district that two-thirds of the taxpayers of said district voting at said election voted in favor of the issuance of said bonds and the levying of said tax, and that

therefore this board is authorized to issue said bonds and to levy, assess, and collect said tax.

"It is further ordered that the result of said election be in all things approved. J. L. Austin, President Board of Trustees of the Rockwall Independent School District. Attest: R. E. Benbrook, Secretary.

"I, R. E. Benbrook, secretary of the board of trustees of said district, do certify that the above is a true copy of the order declaring the result of said bond election as shown on minutes.            R. E. Benbrook."

"Order for Levying Tax.

"At a meeting of the board of trustees of the Rockwall independent school district the following were present: J. L. Austin, A. L. Atkins, Wallace Lofland, J. S. Shook, J. D. McDonald, C. M. Jackson, and R. E. Benbrook. The following order was passed:

"Be it ordered by the board of trustees of the Rockwall independent school district that there is hereby levied for the year 1917 on all real property situated and all property owned within the limits of the Rockwall independent school district on the 1st day of January of the current year, except so much thereof as may be exempt by the Constitution and laws of this state or the United States, the following taxes: First, an ad valorem tax of and at the rate of 35 cents on the $100 cash value thereof estimated in lawful currency of the United States for the support and maintenance of public free schools in said Rockwall independent school district; second, an ad valorem tax of and at the rate of 15 cents on the $100 cash value thereof estimated in lawful currency of the United States to pay current interest on and provide one year's sinking fund for the bonds of said district; the same to be dated as provided by law, and which bonds are fully described in the order declaring the result of said election held on August 25, 1917.

"The levy being made in ratification of, but not in addition to, the levy of said tax made by the order of this board passed on the 30th day of August, 1917, authorizing the issuance of said bonds; the proceeds of said tax for said bonds to be used to pay interest and create a sinking fund to discharge refunding bonds issued as recited in the order declaring the result of said election, which orders are referred to in aid and support of this order.

"The above was duly passed and approved by the board on August 30, 1917. J. L. Austin, President of the Board of Trustees, Rockwall Independent School District. Attest: R. E. Benbrook, Secy.

"It is agreed that the plaintiff, A. E. Love, owns taxable property within the territory embraced in common school district No. 2, and that he also owns 175 acres of land within the Rockwall independent school district and outside of the common school district No. 2, and that said 175 acres of land is assessed at $7,000 for the year 1917 and is of the value of approximately $200 per acre."

[2] This action of the board of trustees was legal. Besides, just recently the defendants located the holders of said common school district bonds and obtained an agreement that the refunding bonds would be ac-

cepted in lieu of common school district bonds, or that they would accept cash out of the proceeds of the sale of the refunding bonds.

It is agreed that the trustees shall issue the refunding bonds within 60 days and present them to the attorney general.

[3] The third assignment of error is:

"The court erred in refusing to enter judgment enjoining the collection of the taxes complained of, because the debt, the discharge of which taxes are sought to be collected, was not created by the Rockwall independent school district, and is not a valid obligation which can be enforced against the Rockwall independent school district, but is a debt against common school district No. 2, and can only be enforced against common school district No. 2."

The proposition presented is:

"A bonded indebtedness legally created against property lying within a designated territory comprising a common school district cannot be fixed against property in territory afterwards added without the consent of the taxpaying voters residing within such added territory."

The school property and common school district No. 2 having been by the Legislature vested in the Rockwall independent school district, and said property being used by all of said inhabitants of the added territory, and the inhabitants by their votes having assumed the bonded indebtedness of common school district No. 2, and voted for levying a tax for that purpose, they thereby became liable for the payment of said refunding bonds, and they are in no attitude to complain for the levy of such tax on their property.

The judgment is affirmed.