GERHARDT et al. v. YORKTOWN INDE-
PENDENT SCHOOL DIST. et al.
(No. 8361.)

(Court of Civil Appeals of Texas. Galveston.
Feb. 22, 1923. Rehearing Denied
March 22, 1923.)

1. Statutes ⟨key⟩8½(1)—Special act incorporat-
ing independent school district valid though
failure to give local notice required in other
cases.

Under Const. art. 7, § 3, expressly providing
that the Legislature may provide for the forma-
tion of school districts by general or special
laws without local notice, the Legislature has
authority by special act to incorporate inde-
pendent school districts without giving the local
notice required in other cases.

2. Schools and school districts ⟨key⟩99—Limita-
tion of right of independent city and town dis-
tricts and independent districts created by
general or special law to levy taxes stated.

Under the express provisions of Const. art.
7, § 3, as amended in 1920, incorporated cities
and towns constituting separate and independ-
ent school districts and independent or com-
mon school districts created by general or spe-
cial law may levy and collect an annual tax not
to exceed 35 cents on the $100 valuation of
property subject to taxation in such districts,
and they may also, when authorized by a ma-
jority vote of the qualified voters residing
therein, levy and collect an additional tax of
not to exceed $1 on the $100 valuation of the
property subject to taxation therein, for the
further maintenance of public free schools and
for the erection and equipment of school build-
ings.

3. Schools and school districts ⟨key⟩22—Special
act creating Yorktown independent district
and granting it power to levy taxes and re-
quiring it to provide for assuming bonded in-
debtedness held valid.

Sp. Acts 37th Leg. (1921) c. 45, creating
the Yorktown independent school district and
granting it all powers and privileges conferred
by general law, including the right to levy taxes,
and requiring it to proceed according to law
to provide for the assumption of its pro rata
part of all outstanding bonded indebtedness of
school districts or parts of school districts in-
cluded within its territory, held valid as with-
in the legislative power under Const. art. 7, §
3, as amended in 1920, which provides the
power of independent school districts organ-
ized under general or special law to levy taxes,
and under Vernon's Sayles' Ann. Civ. St. 1914,
art. 2883, providing that added territory shall
bear its pro rata of any school debts owed by
the district to which it is added.

4. Constitutional law ⟨key⟩143 — Requirement
that new district shall assume pro rata share
of obligations of other districts or parts of
districts not invalid.

The provision of Sp. Acts 37th Leg. (1921)
c. 45, creating the Yorktown independent school
district, vesting in the trustees of such dis-
trict all school property, provided that such
trustees shall proceed according to law for the

assumption by the district of its pro rata share
of all outstanding bonded indebtedness of school
districts or parts of school districts included
in the territory of the district, is not in viola-
tion of the federal Constitution or of Const.
art. 1, § 16, as requiring taxpayers in new
territory added to assume the payment of an
indebtedness of the old district in the creation
of which they had no voice, and is not other-
wise invalid, the requirement of Vernon's
Sayles' Ann. Civ. St. 1914, art. 2883, providing
that added territory shall bear its pro rata of
any school debts owed by the district to which
it shall be added being a just and reasonable
requirement, since the new district as a body
corporate succeeds to the property and funds
of the old district and should assume its ob-
ligations.

5. Statutes ⟨key⟩64(1)—Part of statute may be
invalid without rendering whole act void.

If provisions of an act are so connected
and dependent on each other as to warrant
belief that the act was intended as a whole,
and one or more of the provisions would not
have been enacted if others could not be join-
ed and carried into effect, then all must fail and
the act be declared void, but one section may be
repugnant to the Constitution without causing
the whole act to fall, unless it is so connect-
ed with the remainder that the good cannot re-
main without the bad.

6. Statutes ⟨key⟩64(4)—Provision for assump-
tion of debts of old school district held not so
connected with other provisions as, if invalid,
to invalidate act.

Even if that provision of Sp. Acts 37th Leg.
(1921) c. 45, creating Yorktown independent
school district, which requires the district to
assume pro rata the debts of the old district
is invalid, it is not so connected with and de-
pendent upon the other provisions of the act
as to invalidate the organization of the district
or the other provisions of the special act.

7. Schools and school districts ⟨key⟩111—Gener-
al laws requiring levy of taxes by ordinance
made applicable to independent school dis-
tricts organized by special law must be com-
plied with as prerequisite to collection, other-
wise injunction will lie.

Sp. Acts 37th Leg. (1921), c. 45, creating
the Yorktown independent school district, ex-
pressly made all laws applicable to towns and
villages incorporated for free school purposes
only applicable to such district, and under
Rev. St. 1911, arts. 2852, 2853, providing for the
election of trustees and defining their powers,
rights, and duties, and under articles 923–925,
providing that the levy of taxes shall be by
ordinance, such independent school district
was required to so levy taxes as a prerequisite
to their legal collection, and, no such levy
having been made, an action to enjoin the
collection of taxes properly lies at the instance
of a taxpayer within such district.

Appeal from District Court, De Witt Coun-
ty; John M. Green, Judge.

Suit for injunction by Robert Gerhardt
and others against the Yorktown Independent

School District and others. From judgment denying injunction, plaintiffs appeal. Reformed and affirmed.

J. F. Murray, of Runge, for appellants.

LANE, J. This is a suit brought by the appellants, Robert Gerhardt, John Burda, and Max Gross, to restrain the trustees and the assessor and collector of taxes of the Yorktown independent school district from collecting the school tax assessed against their properties situated within the boundaries of said district.

The plaintiffs alleged the creation of the Yorktown independent school district by a special act of the Thirty-Seventh Legislature of 1921 (Sp. Laws 1921, c. 45), and also alleged that the territory embraced within the boundaries of said district is the territory constituting the former Yorktown independent school district and adjacent territory which was by said special act added to and taken into the present district, which said added territory included lands owned by them. They alleged that their said properties are subject to the payment of taxes levied and assessed for school purposes by said Yorktown independent school district. They then allege that the special act of the Thirty-Seventh Legislature incorporating the Yorktown independent district was and is unconstitutional and void for the following reasons: First, because said act was passed without the local notice required by the Constitution for the passage of special laws having been given; second, because it is an attempt to impose upon the taxpayers of the new district the payment of a bonded indebtedness created and owing by the former school district, without allowing them to vote upon questions involving taxation of their properties; third, because it is in violation of the federal Constitution and section 16 of article 1 of the Texas Constitution, in that it attempts to suspend the binding effect of the outstanding bonded lien on the property embraced in the old district and leave it to a vote of the taxpayers of the new district as to whether they will assume the payment of such bonded indebtedness, thereby impairing the obligations of the contract of the old district.

They further alleged that, acting upon a petition signed and presented by 59 tax-paying voters residing in said new district, on the 3d day of September, 1921, the trustees of the new district at their regular meeting on the 5th of September, 1921, passed an order directing that an election be held within said new district on the 6th day of October, 1921, to determine whether or not said board of trustees should be authorized to annually levy and collect a tax of 40 cents on the $100 valuation of all taxable property within said district for the year 1921, and annually there-after to maintain the public schools therein, and whether or not they should be authorized to annually levy and collect 13 cents on the $100 valuation of all property within said district for the year 1921, and annually thereafter, for the purpose of creating a sinking fund to pay the current interest and retire certain bonds that were outstanding and due by the old or original Yorktown independent school district, prior to the passage of the said special act, and also to determine whether or not the new Yorktown independent district should assume the payment of the outstanding bonded indebtedness due and owing by the old district; that said election was held on the day specified in the said call or order, and the result thereof declared by the said board of trustees to be in favor of all said propositions mentioned in said order of election; that they are informed and believe that the defendant Ben Kolodzey, who has been appointed assessor and collector of taxes for said school district, is about to advertise, seize, and sell the real and personal property belonging to them in payment of said taxes for 1921; that the election so held was and is void in that the petition therefor did not state the amount of the unpaid bonds, their due date, or the rate of interest they bore, so that the voters might be advised as to the amount of indebtedness they were asked to assume and pay; that, unless the defendants are restrained as prayed for, the board of trustees will levy a tax for school purposes on their properties for the year 1921 and attempt to force collection thereof, to their damage. Their prayer was for an injunction restraining and enjoining each of the defendants from collecting or attempting to collect taxes levied and assessed, or which may be levied or assessed, against their properties for the year 1921 or subsequent years for school purposes. The petition was duly verified by Robert Gerhardt.

The defendants answered: First, by general demurrer; second, by special exception to all portions of the petition wherein the unconstitutionality of the special act of the Thirty-Seventh Legislature creating the Yorktown independent school district was alleged; third, by demurrer to the petition, upon the grounds that the suit is a collateral attack upon the corporate existence of a school district created by the Legislature, and therefore not maintainable by an individual, but can be maintained by the state only; and fourth, by general denial.

The special act of the Thirty-Seventh Legislature (Special Acts Regular Session Thirty-Seventh Legislature, p. 122) incorporating the new Yorktown independent school district, omitting the caption, the description of the territory to be incorporated, and the emergency clause, reads as follows:

"Be it enacted by the Legislature of the state of Texas:

"Section 1. That an independent school district is hereby created in De Witt county, Texas, to be known as the Yorktown independent school district, containing within its limits all territory inclosed by the following metes and bounds: [Described by metes and bounds.]

"Sec. 2. The management and control of the public free schools of the Yorktown independent school district is hereby vested in a board of seven school trustees elected, and to be elected under the general laws of this state applicable to such independent school district; provided that the trustees now serving as such in the Yorktown independent school district shall contain in office till the expiration of their respective terms.

"Sec. 3. The Yorktown independent school district shall have and exercise, and is hereby vested with all the rights, powers, privileges and duties conferred and imposed by the general laws of this state, now in force or hereafter enacted, upon the trustees of independent school districts incorporated and organized for free school purposes, including the right to levy taxes and issue bonds of said district to the extent, for the purposes, and subject to all of the limitations and conditions under which powers may be exercised, or may hereafter be exercised, under the general laws of this state by the trustees of independent school districts incorporated and organized under the general laws of this state; and all laws applicable to towns and villages, incorporated for free school purposes only, are hereby declared to be in full force and effect, with respect to said Yorktown independent school district.

"Sec. 4. The title to all school property in the Yorktown independent school district is hereby vested in the trustees of said district and their successors in office, provided that the trustees of the district, created by this act, shall provide according to law for the assumption by the district of its pro rata part of all outstanding bonded indebtedness of school districts or parts of school districts included in the territory of the district created by the act.

"Sec. 5. All laws and parts thereof in conflict herewith are hereby repealed in so far as they affect the validity of this act."

In creating this new district the lands of appellants' were added to the old school district. Prior to the creation of the new district the former, or old district, had issued bonds in the sum of $30,000. Of the bonds so issued $22,000 remained unpaid at the time the controversy in this case arose.

On the 3d day of September, 1921, after the creation of the new district, 59 tax-paying voters residing therein presented to the trustees thereof the following petitions:

"First. We, the undersigned tax-paying voters of the said Yorktown independent school district (as created by an act of the Thirty-Seventh Legislature of Texas, at its regular session), hereby petition your honorable body to order an election, as provided by the laws and Constitution of Texas, to determine whether the board of trustees of said district shall have power to annually levy and collect a tax upon all taxable property in said district to pay current interest and provide a sinking fund sufficient to pay the principal at maturity of the outstanding bonds issued by the old Yorktown independent school district, which old district is now included in the present Yorktown independent school district, of and at the rate of 13 cents on the one hundred $^{00}/_{100}$ ($100.00) dollars valuation of taxable property in the Yorktown independent school district (as created by the said act of the Texas Legislature), and for the assumption of the outstanding bonds of the old Yorktown independent school district by the present Yorktown independent school district.

"Second. We, the undersigned tax-paying voters of said Yorktown independent school district (as created by an act of the Thirty-Seventh Legislature of Texas at its regular session), hereby petition your honorable body to order an election, as provided by the laws and Constitution of Texas, to determine whether the board of trustees of said district shall have power to annually levy and collect a tax upon all property in said district for the support and maintenance of public schools in said Yorktown independent school district of and at the rate of 40 cents on the one hundred $^{00}/_{100}$ ($100.00) dollars valuation of taxable property in said Yorktown independent school district."

The elections petitioned for were held and resulted in favor of all the proposed propositions.

The defendants were trustees and tax assessor and collector as alleged by the plaintiffs. There was no levy of taxes made by the trustees for said new district for the year 1921, nor for subsequent years, in manner and form as required by law, prior to the filing of the plaintiffs' petition and the trial of this cause.

The cause was tried before the court without a jury at the summer term of the court, and judgment was rendered denying the injunction prayed for, and from such judgment the plaintiffs have appealed.

Appellants are asking for a reversal of the judgment so rendered upon their contentions: First, that the special act of the Thirty-Seventh Legislature creating the new district is unconstitutional, and therefore void; second, that such act being void, the officers of such new school district have no power to levy, assess, and collect taxes upon the properties added to the old district by said special act; third, that the trustees of the new school district are not authorized by law to call an election to determine whether or not an independent school district shall assume an indebtedness of any kind, but, if it had such power, the election held in this case to determine whether the new district should assume payment of the outstanding bonds of the old district is void, in that neither the petition for, nor notice of, such election, nor the order thereafter, stated or named the amount of said bonds, the time when they were due, to whom they were payable, the rate of interest they bore, or any oth-

er fact or facts from which said indebtedness might be identified by the voters; and, fourth, that if it be conceded that said special act is valid, still said officers were without authority to force payment of taxes upon such added properties for the year 1921, as they were threatening to do, as the undisputed evidence shows that prior to the trial of this cause no levy of taxes upon such added properties had been made for the year 1921, in the manner and form as required by law, in that there was no record entry of such levy ever made. We shall dispose of the contentions made in the order stated.

[1] That the Legislature has authority by special act to incorporate independent school districts without giving the local notice required in other cases we have no doubt. Article 7, § 3, Constitution of Texas; Cummins v. Gaston (Tex. Civ. App.) 109 S. W. 476; State v. Brownson, 94 Tex. 436, 61 S. W. 114; Powell v. School District (Tex. Civ. App.) 203 S. W. 1178.

Appellants insist, however, that the special act creating the present Yorktown independent school district is unconstitutional and void in that it requires the trustees of the district so created to provide for the assumption by the new district of the debt of $22,000 incurred by the old district by the issuance and sale of certain bonds, the effect of such requirement being to transfer a portion of said debt which was created by a vote of the tax-paying voters residing in the territory which composed the old district to appellants, plaintiffs below, who reside in the territory added to the old district by said special act, and who had no voice in creating such indebtedness, which said debt could not under the Constitution be created except by majority vote of all the tax-paying voters whose properties were to be taxed for the payment thereof.

By article 7, § 3, of our state Constitution, as amended in 1920, it is expressly provided that the Legislature may provide for the formation of school districts by general or special law without the local notice required in other cases of special legislation, and may pass laws for the assessment and collection of taxes in all such school districts not to exceed 35 cents on the $100 valuation of the properties subject to taxation in such districts, and for the management and control of the public schools thereof. It is further provided thereby that the Legislature may authorize an additional tax to be levied and collected within said districts for the further maintenance of public free schools, provided that a majority of the qualified property taxpaying voters of the district voting at an election to be held for that purpose shall vote such tax not to exceed in any one year $1 on the $100 valuation of the property subject to taxation in such district, but that the limitation upon the amount of school district tax authorized shall not apply to incorporated cities or towns constituting separate and independent school districts, *nor to independent or common school districts created by general or special law.* The words in italics were added for the first time by the amendment of 1920. This section of article 7 as amended in 1920 appears in Moffett's Annotated Constitution of Texas, but, so far as we are informed, it does not appear in any other publication.

[2] It clearly appears from the Constitution referred to that the Legislature had constitutional authority to pass the special act under consideration without the local notice required in other cases of special legislation. And it is also clear that since the adoption of the amendment of 1920 to section 3 of article 7 of the Constitution, incorporated cities and towns constituting separate and independent school districts, and independent or common school districts created by general or special law, such as the Yorktown district, may levy and collect an annual tax not to exceed 35 cents on the $100 valuation of the property subject to taxation in such districts, and that they may also, when authorized by a majority vote of the qualified voters residing therein, levy and collect an additional tax of not to exceed $1 on the $100 valuation of the property subject to taxation therein for the further maintenance of public free schools, and for the erection and equipment of school buildings.

It is provided by the special act incorporating the Yorktown district that the trustees thereof shall provide, according to law, for the assumption by said district of its pro rata part of all outstanding bonded indebtedness of school districts or parts of school districts included in the territory of the district created by the act, and it invests said district with all the rights, powers, privileges, and duties conferred and imposed by the general laws of this state now in force or which may be hereafter enacted relative to independent school districts incorporated and organized for free school purposes. And it also provides that such districts shall be subject to all of the limitations and conditions under which powers may be exercised under the general laws of this state by trustees of independent school districts incorporated under the general laws of this state, and that all laws applicable to towns and villages incorporated for free school purposes only shall apply to said Yorktown district.

By article 2883, Complete Texas Statutes of 1920 (Vernon's Sayles' Ann. Civ. St. 1914, art. 2883), relating to the taxation of property added to a school district, it is provided that the added territory shall bear its pro rata part according to taxable values of any school debt or debts that may be owed or contracted by the district to which it shall be added, and that the property of the added territory shall bear its pro rata part of all school taxes.

It is shown that at an election duly ordered by the trustees of the new district a majority of the tax-paying voters thereof voted for the assumption of the outstanding bonded indebtedness of the old Yorktown district by the new district, for the annual levy and collection of a tax of 13 cents on the $100 valuation of the taxable property in said district to pay interest on said bonded indebtednesss and to create a sinking fund sufficient to pay off the same at maturity, and for an annual tax of 40 cents on the $100 valuation of such property for the support and maintenance of the public free schools of said new district. Thus it is shown that, after the Legislature had passed the act creating the new district, its provisions were substantially submitted to a vote of the taxpayers residing in said district, and that all of said provisions were indorsed by a majority of said taxpayers before being put into effect.

[3] Under the circumstances stated, we cannot agree with appellants that the special act under consideration is unconstitutional and void, but, to the contrary, we think it valid in all its parts. Statutes of like kind and under like circumstances have uniformly been held valid by the decisions of our courts. Love v. Rockwall School District (Tex. Civ. App.) 194 S. W. 659; Eagle Lake Independent School District v. Hoyo (Tex. Civ. App.) 199 S. W. 352; Eagle Lake v. Lakeside Sugar Refining Co. (Tex. Civ. App.) 144 S. W. 709; Davis v. Payne (Tex. Civ. App.) 179 S. W. 60; Houston v. Gonzales Independent School District (Tex. Civ. App.) 202 S. W. 963.

[4] In Love v. Rockwall School District, supra, it is said:

"By the first assignment the issue is made that the levy of the 15-cent tax against all the taxable property in Rockwall' independent school district for the purpose of paying the interest on and creating a sinking fund with which to pay the $25,000 of bonds voted by common school district No. 2 is illegal and void for the reason that those of the taxpayers who were not residents of common school district No. 2 when the bonds were voted had no voice in creating the debt. That fact alone will not prevent the taxpayers of the enlarged district taxing themselves therefor. The Supreme Court in Crabb v. Celeste Ind. School District, supra, following Eagle Lake v. Lakeside Sugar Refining Co., 144 S. W. 709, held, in effect, that when school districts are enlarged, annexed, or consolidated, the trustees of the enlarged districts are without authority to levy a tax against the taxpayers as a whole in the new district for the purpose of redeeming the bonded debt of the annexed territory without first submitting the question to a vote of all the taxpayers in the enlarged district. Such is the settled law in this state, and any tax levied counter to that rule is void, and its collection may be enjoined. We do not understand the holding of the Supreme Court in that case, however, to be that all the taxpayers in an enlarged district may in no event be taxed for the purpose of redeeming the bonded indebtedness created by that portion of the enlarged district which formerly constituted within itself a school district. We understand the holding to be that they may do so without thereby violating the constitutional provision invoked in that and the present case. The substance of the holding in that case contained in the concluding paragraph of the opinion is: 'That, where an independent school district votes a special tax pursuant to the authority conferred by * * * the Constitution and afterwards extends the boundaries of such district, the existing special tax so authorized cannot be levied and collected against the property in such extension until such assessment is authorized by a vote of the qualified tax-paying voters of the district as extended.'

"It is thus made clear that taxpayers may be taxed in such cases for the purpose of paying an indebtedness with the creation of which they had nothing to do if a majority of the voters in the enlarged district vote to do so. In cases of enlarged or consolidated districts the new district as a body corporate succeeds to the property as well as any money available for school purposes, and it is at least just and reasonable that they may by vote assume the debts of the district whose property has thus been vested in the new district."

[5, 6] If, however, we are in error in holding that the provision of the special act under consideration, requiring the trustees of the new district to provide for the assumption of the pre-existing debt of the old district by the new district is constitutional, still we are of the opinion that such provision, though unconstitutional, would not invalidate and render void the remaining provisions of said act.

It is a well-settled rule that, if the several provisions of a legislative act are so mutually connected with and dependent on each other as conditions, consideration, or compensation for each other as to warrant the belief that the Legislature intended them as a whole, and would not have enacted one or more of them if the others could not be joined and carried into effect, then all the provisions must fall, and the act declared void, but that one section of a statute may be repugnant to the Constitution without rendering the whole act void. So, then, one provision of an act may be invalid by reason of its not conforming to the Constitution, while all the others may be subject to no such infirmity and may stand though the one must fall, unless they are so connected or dependent on each other in subject-matter, meaning, or purpose that the good cannot remain without the bad.

In Loeb v. Columbia Township, 179 U. S. 472–490, 21 Sup. Ct. 174, 181 (45 L. Ed. 280), it is said:

"The point is, not whether the parts are contained in the same section, for the distribution into sections is purely artificial, but whether they are essentially and inseparably connected in substance—whether the provisions are so

interdependent that one cannot operate without the other."

See, Berea College v. Kentucky, 211 U. S. 45, 29 Sup. Ct. 33, 53 L. Ed. 81; New York Central Railway Co. v. United States, 212 U. S. 497, 29 Sup. Ct. 304, 53 L. Ed. 613; New York Central Railway Co. v. Williams, 199 N. Y. 108, 92 N. E. 407, 35 L. R. A. (N. S.) 549, 139 Am. St. Rep. 850.

It can hardly be reasonably contended that the fact that incorporated cities and towns which had assumed control of their schools as independent school districts, and which had issued bonds for school purposes solely because of the fact that those living in the added territory could not without their consent be made to assume payment of a portion of said bonds, although they might be required to pay their share of the funds necessary for the maintenance of the schools of the newly formed district.

We think that part of the special act under consideration was clearly separable from the other and main provisions of the act, and that such portion can be disregarded and the remainder of the act left in force and effect.

In support of their contention that the whole special act must fall because of the provision requiring the assumption of the pre-existing debt by the new district, appellants cite Cummins v. Gaston (Tex. Civ. App.) 109 S. W. 476. This case was one in which the Legislature had established a school district by special act, and had conferred on it the power to tax at the rate of 75 cents on the $100 valuation, which was at that time in excess of the rate permitted by the Constitution. In a suit brought to enforce collection of the tax the court held that such tax was unconstitutional, and its collection could not be enforced. In the case of Eagle Lake Independent School District v. Hoyo (Tex. Civ. App.) 199 S. W. 352, this court, in speaking of the Cummins Case, after stating the foundation upon which the opinion in that case was based, said:

"It is true the court further held that the indebtedness of the old district could not be transferred to the new, but the point does not seem to have been necessary to the decision."

Indeed the court rendering the decision in the Cummins Case expressed a doubt as to the holding above referred to in these words:

"But if we are in error in so holding said act as a whole to be invalid, we are further of the opinion that the judgment * * * should be here reversed"—assigning another reason for such reversal.

From what we have already said it is clear that we think the properties of appellants are subject to taxation for school purposes by the new district, if such tax is legally levied. We also think that the trustees had authority to order the collection at the time, for the purposes and in the manner they did, and that by said election the provisions of the special act were legally put in force. We deem it unnecessary in view of the authorities cited to enter into a further discussion of the contentions of appellants.

[7] We sustain appellants' contention that the court erred in not enjoining the collection of taxes upon their properties for the year 1921, in that the undisputed evidence shows that no levy of any such tax had been made in manner and form as required by law prior to the trial of this cause.

By the act incorporating the Yorktown school district, it is provided that all laws applicable to towns and villages incorporated for free school purposes only shall be in full force and effect as to said Yorktown district. Article 2852, R. S. Texas, provides for the election of trustees for school districts, and by article 2853 it is provided:

"The trustees elected in accordance with the preceding article shall be vested with the full management and control of the [public] free schools of such incorporated town or village, and shall in general be vested with all the powers, rights and duties in regard to the establishment and maintaining of free schools, including the powers and manner of taxation for free school purposes that are conferred by the laws of this state upon the council or board of aldermen of incorporated cities and towns."

Articles 923, 924, and 925, prescribing the manner of levying taxes provides that such levy shall be by ordinance, in writing duly recorded, etc. Since, therefore, the law requires the levy of taxes to be made by ordinance or order, and as no such levy was made for 1921, it follows that no legal collection of taxes as against appellants for that year can be made.

Having reached the conclusions as above expressed, it becomes our duty to so reform the judgment of the trial court as to enjoin and restrain appellees from the collection of any taxes against appellants' property for the year 1921, unless and until a legal levy of such taxes is made, and after so doing to affirm the same; and it is so ordered.

Reformed and affirmed.