## COUNTY SCHOOL TRUSTEES OF JACK-SON COUNTY v. EDNA INDEPENDENT SCHOOL DIST. et al.  (No. 9244.)

Court of Civil Appeals of Texas.  Galveston.
July 12, 1928.

Rehearing Denied Sept. 20, 1928.

Guy E. Bonham, of Edna, and S. C. Cappel, Jr., of El Campo, for appellants.
S. G. Sample, of Edna, for appellees.

PLEASANTS, C. J.  This suit was brought by appellees to enjoin appellants from changing the boundaries of the Edna independent school district as fixed by the act of the Leg-

islature creating the district and as now constituted.

The petition of plaintiffs the Edna independent school district and its duly elected and qualified trustees, after alleging the creation of the district by special act of the Thirty-Ninth Legislature, and setting out the boundaries of the district so created, alleges the organization of the district by the election of trustees as provided in the act of its creation and the exercise by the district of all of the corporate powers and duties conferred and laid upon it by the act of the Legislature, and further alleges, in substance: That appellants are claiming the power and authority to change the boundaries of the district by detaching therefrom and annexing to the Blair common school district a valuable portion of the territory of plaintiff district, and have notified plaintiffs that they will, on a day named, consider an application to so change the boundaries of the district, and have expressed an intention to grant such application, and that, unless restrained and enjoined by the court, the "defendants will proceed without further delay to exercise jurisdiction over the matter of changing the boundaries of the said the Edna independent school district and said Blair common school district of Jackson county and will detach and take away from the said the Edna independent school district and add and annex to said Blair common school district a large and valuable part of the aforesaid territory of the Edna independent school district, and will thereby do these plaintiffs great and irreparable injury and deprive the Edna independent school district of its present ability to collect taxes from such territory as may be so transferred; that at the present time said the Edna independent school district is operating its system of schools as economically as it reasonably can do, consistent with the welfare and good of the scholastics and children living within the aforesaid territory deserving and needing to be educated, and, if any of its present territory is cut off, the efficiency of its schools and ability to serve the students residing within such district and those desiring high school education and residing within Jackson county will be greatly depreciated and lowered and a great and irreparable injury will be done plaintiffs; * * * that since the creation of the aforesaid the Edna independent school district, as aforesaid, it has voted, issued, and now has outstanding legal bonds against said district, which bonds have been sold and are owned by purchasers for valuable considerations; that, by express provisions of article 2766 of Texas Civil Statutes 1925, it is provided that no change shall be made by the commissioners' court of any county in the boundary of any independent school district incorporated for free school purposes which would reduce the total value of taxable property in such independent district against which there are outstanding bonds legally issued; and article 2767 of said statutes further provides that all independent school districts incorporated for free school purposes within the state of Texas may be changed or abolished in the same way that is provided for the change or abolishment of a town and village or city and town as provided by law, provided that no such district shall be diminished, changed, or abolished while it has an outstanding debt, either of bonds or otherwise, as authorized by law against it; that neither of the aforesaid two articles of the statutes has been amended, changed, or abolished, nor has the act creating the Edna independent school district been amended, changed, or abolished; that by a provision of Acts First Called Session of Fortieth Legislature of the State of Texas, p. 17, provision is made that 'the county school trustees of any organized county are authorized to exercise the authority heretofore vested in the commissioners' court with respect to subdividing the county into school districts and making changes in school district lines,' but neither that act nor any other act of the Legislature gives the defendants, or any of them, authority or jurisdiction to change any of the boundary lines of the Edna independent school district in such way or to such extent as defendants now propose and threaten to do until after all the indebtedness of the Edna independent school district, and which is now outstanding, shall have been fully paid."

In addition to general demurrer and general denial the defendants' answer contains special exceptions and pleas the nature of which need not be stated further than will be hereinafter indicated. The trial in the court below without a jury resulted in a judgment in favor of plaintiffs permanently enjoining and restraining defendants "from exercising or attempting to exercise jurisdiction to alter or change or from altering or changing the boundary lines of the Edna independent school district and from detaching any territory therefrom or annexing such territory to the Blair common school district of Jackson county, and from holding a hearing on any application now before them, or any of them, seeking any such change in any of the boundary lines of the Edna independent school district."

Appellants' first proposition assails the judgment on the ground that the trial court erred in overruling the general demurrer to plaintiffs' petition, because the petition shows upon its face that there is a defect of necessary parties, in that neither the county superintendent of schools of Jackson county nor the Blair common school district were made defendants. There is no merit in this proposition. Article 2676, Revised Statutes 1925, vests the general management and control of the public schools in each county in

five county school trustees, to be elected as provided in this article.

By article 2683, Revised Statutes 1925, the trustees so elected are constituted a body corporate under the name of the county school trustees, and, as such body, are given power to acquire and hold real and personal property and to perform all the acts and duties necessary in the control and management of all matters pertaining to the public schools of the county. The county superintendent is, by article 2681 of the statute, made the secretary of the corporate body composed of the county school trustees. He is not a member of that body, nor given any voice in determining the action of the trustees upon any matter they may be called upon to decide. We think it clear that the county superintendent was neither a necessary or proper party to this suit.

There is nothing upon the face of the petition showing that the Blair common school district had such legal or vested right in the subject-matter of this suit as to make its presence in the suit indispensable to the power or jurisdiction of the court to render the decree sought by plaintiffs, and, in the absence of a plea of nonjoinder of necessary or proper parties, we are not authorized to reverse the judgment because of the failure of plaintiffs to make it a party defendant.

Appellants next contend, under appropriate assignments and propositions, that the trial court erred in holding that the validity of the act of the Legislature creating the Edna independent school district cannot be collaterally attacked, and appellants cannot raise that question in this suit,

If the act is unconstitutional and void, no rights were acquired or can be claimed thereunder, and the assertion of rights so claimed may be resisted on this ground by a defendant affected thereby in any suit. Parks v. West, 102 Tex. 11, 111 S. W. 726; Burns v. Dilley County Line School District et al. (Tex. Com. App.) 295 S. W. 1091. But we agree with the trial court in the conclusion that the act in question is not void. The Legislature was not without constitutional authority to create the district, and, if any portion of the act should be held invalid, it is not so integral and necessary a part thereof as to require the entire act to be held void. For this reason appellants' attack upon the act is collateral and not permissible in this suit. The Legislature was authorized by the Constitution to create the district and if, in the exercise of that power, it included in the district territory which belonged to the Blair school district, and the Edna district has assumed and exercised jurisdiction over that territory, the validity of such extension of its territory can only be inquired into in a quo warranto proceeding instituted by authority of the state.

In the recent case of Kuhn v. City of Yoakum, 6 S.W.(2d) 91, the Commission of Appeals say:

"The rule has not been deviated from in this state that the validity of an extension of territory of a city or school district can only be attacked by a direct suit in the nature of a quo warranto by the state, or in a proceeding in which the state is a party."

This has been the consistent holding of this court. Parker v. Harris County Drainage District (Tex. Civ. App.) 148 S. W. 351; Cohen v. City of Houston (Tex. Civ. App.) 176 S. W. 809; City of Houston v. Little (Tex. Civ. App.) 244 S. W. 255; City of Houston v. Tod (Tex. Civ. App.) 258 S. W. 839; Id. (Com. App.) 276 S. W. 419; Kuhn v. City of Yoakum (Tex. Civ. App.) 257 S. W. 337. The holding in each of these cases has been approved by our Supreme Court.

The only portion of the act creating the Edna independent school district (Special Laws Thirty-Ninth Legislature, p. 539) which appellants claim is unconstitutional is section 5, which is as follows:

"Sec. 5. Said Edna independent school district is hereby made liable for and shall pay such proportion of the bond indebtedness of the adjoining common school district in the proportion that the assessed value of the portion of each of said common school districts included within the limits of the said Edna independent school district as herein created, shall bear to the entire assessed value of said common school district from which said portion is taken as such assessed values are shown upon the last preceding county tax assessment roll; and thereafter said Edna independent school district shall pay either directly or through the officers of said common school district the proportion of the interest and principal of such bonded indebtedness for which it is liable."

It is urged that this section of the act is invalid, because the Legislature was without constitutional authority to fix liability upon the newly created district for the debts of those portions of the adjoining common school districts included in the district created by the act, without requiring the submission of the question of the assumption of such debts to the qualified voters of the district.

It is well settled that liability of the new district for the proportionate part of the debts of adjoining districts, parts of the territory of which have been included in the newly created district, can only be made effective under section 3, art. 7, of our state Constitution by a majority of the qualified voters of the new district, and an attempt of the Legislature to fix such liability without compliance with this constitutional provision would be unauthorized.

If the words of this section are literally interpreted, the Legislature exceeded its authority in attempting to fix absolute liability upon the new district, but we do not think such literal interpretation of the language of the section is required. It must be assumed that the Legislature intended that this

liability of the new district should be fixed and made effective by the method provided by the Constitution.

In the cases of Gerhardt v. Yorktown Independent School District, 252 S. W. 197, and Afflerbach v. Yorktown Independent School District, 1 S.W.(2d) 410, this court held that a similar provision in the act creating the district should be construed as requiring the liability of the new district for the debts of the added territory to be fixed by a vote of the district as provided by the Constitution, and that the failure to expressly provide for such vote did not make the act unconstitutional.

In the case of Burns v. Dilley County Line District (Tex. Com. App.) 295 S. W. 1091, cited by appellants, the act in question not only provided for the assumption of the indebtedness of the old district by the new, but expressly provided for assessment and collection of taxes by the new district for the payment of such debts, without any vote for such tax by the qualified voters of the district. In holding this act invalid, the court uses this language:

"So, in the case at bar, if the special act was silent in respect to the mode whereby the new district could assume the obligation of the old district, the general law on that subject would prevail, but in express contradiction of the general statute it provides that the new district shall assume the indebtedness of the old and shall continue the levy and collection of the tax provided for by the old district."

This, we think, clearly distinguishes the Burns Case from the instant case, and from the Gerhardt and Afflerbach Cases, supra.

If, however, this section of the act should be held invalid, the whole act would not be invalidated, because the invalid section is not such an integral part of the act as to justify the conclusion that the Legislature would not have passed the act without including this section. Gerhardt v. Yorktown District, supra.

The record discloses that since the passage of this act the Edna school district, acting thereunder in its corporate capacity, has, by a vote of the qualified voters of the district, issued and sold bonds of the district, and that $7,600 of these bonds are still outstanding and unpaid and are owned by purchasers who paid a valuable consideration therefor.

County school trustees are only authorized by our statutes (article 2681, Revised Statutes 1925, and Acts First Called Session Fortieth Legislature, c. 7, p. 17) to exercise the power and authority heretofore vested in the commissioners' court with respect to subdividing the county into school districts and making changes in school district lines. The authority given the commissioners' court was conferred by article 2766, Revised Statutes 1925, which contains this express limitation upon the power to change the boundaries of school districts:

"No such change shall be made that would reduce the total value of taxable property in any independent district against which there are outstanding bonds legally issued."

Article 2741, Revised Statutes 1925:

"The area of a school district having an outstanding bonded indebtedness, shall never be reduced until after such bonded indebtedness shall have been fully discharged."

Under these provisions of our statutes, it is clear that the appellants have no authority to alter or change the boundaries of the Edna district so as to reduce the total value of the taxable property in the district, because there are bonds of the district which were legally issued and are still outstanding.

We think the judgment should be affirmed and it is so ordered.

Affirmed.

### On Motion for Rehearing.

In their motion for rehearing appellants very earnestly insist that this court erred in holding in our original opinion that county school trustees are prohibited by article 2756, Revised Statutes 1925, from changing the boundaries of appellee school district so as to reduce the taxable value of the taxable property in the district against which bonds legally issued by the district are outstanding.

This insistence is based upon the contention that the cited article of the statutes was repealed by Acts First Called Session Fortieth Legislature, entitled "Formation and change of school districts." This act, which is chapter 84 of the acts mentioned, and appears on page 228 of the published acts, is cited in appellants' brief, but was not discussed or referred to in our opinion. The act was, in our opinion, so clearly inapplicable in this case that we deemed a reference thereto unnecessary, but in deference to request of appellants' counsel we will here state the reasons upon which we base the conclusion that it did not apply in this case:

The authority given county school trustees by sections 9, 10, 11, and 12 of the act to make such adjustment of outstanding indebtedness of school districts in which the boundaries have been changed, or which have been consolidated, can by no reasonable construction of the act as a whole authorize a change in the boundaries of a school district which has outstanding bonded indebtedness, unless such change is made in the manner prescribed by the act.

Section 1 of the act provides in substance that, whenever a majority of the legally qualified taxpaying voters residing in any territory contiguous to an independent school district shall desire the annexation of such territory to the independent district, they shall petition the county judge for an election in the territory seeking annexation to deter-

mine whether such annexation shall be made. The requisites of the petition are set out in the act, and, if these are complied with, it is made the duty of the county judge to order the election. If at such election a majority vote for the annexation, a petition shall then be presented to the trustees of the independent school district for annexation, and, if such petition is granted by such trustees and approved by the county board of school trustees, such annexation shall be accomplished. It is further provided that, before the trustees of the independent school district shall have authority to grant the petition for annexation, such petition must be approved by a majority of the qualified voters of such independent district, at an election called for that purpose by the trustees.

Sections 2 and 3 of the act are as follows:

"Sec. 2. Whenever a majority of the legally qualified, taxpaying voters residing in a contiguous area of an independent district or common school district desire to have such territory detached from said independent district or common school district and annexed to some other independent district or to a common school district or for the purpose of forming a new district, they shall present a petition duly signed to the board of trustees of the independent district or common school district praying for the detachment of the territory for one of the purposes mentioned herein. If the board of trustees find that the petition is duly signed by a majority of the legally qualified taxpaying voters residing in such territory, it may pass an order detaching such territory therefrom and declaring it annexed to some other district or for the purpose of forming a new district; provided, that the order of the board of trustees of the independent district or common school district must be approved by the county board of trustees and the annexation of the detached territory to any other district must be made by the county board of trustees and the creation of any new district from the detached territory must be made by said county board of trustees; provided that no new district shall be created with an area of less than 25 square miles; and no district shall be created or have its area increased except for the convenience of the school children or avoidance of hazards to them.

"Sec. 3. Territory may be annexed to a common school district upon petition of a majority of the legally qualified property taxpaying voters residing within the proposed annexation by the county board of school trustees; provided that whenever a majority of the legally qualified property taxpaying voters residing within any common school district shall vote so to do, the county board of trustees may abolish said common school district and annex the territory contained therein to one or more contiguous school districts.

"The election herein provided for shall be ordered by the county judge and the returns canvassed and the results declared as is provided by law for other elections pertaining to common school districts."

Since the injunction sought and granted in this case is one restraining the county school trustees from detaching territory from the Edna independent school district and annexing it to the Blair common school district, it is manifest that section 1 of the act cited has no bearing upon the question.

By the plain unambiguous language of sections 2 and 3 of the act above quoted, the county school trustees are only authorized to detach territory from one school district and annex it to another when such proceeding is requested by a majority of the taxpaying qualified voters of the territory. The pleadings and agreed statement of facts upon which the trial court acted in granting and refusing to dissolve the temporary injunction disclose that the proposed and threatened order of the county school trustees, detaching a portion of the territory of the Edna independent school district and annexing it to the Blair common school district, which was enjoined by the trial court, was to be made on the request of a petition signed "by a number of property taxpayers of the Blair common school district." There is neither pleading nor evidence that a majority or any of the taxpaying qualified voters of the territory proposed to be detached and annexed had petitioned for such action.

In this state of the record it is clear that the cited act of the Legislature has no application to the case, and its validity, and effect upon the authority of county school trustees to decrease the territory of school districts which have outstanding bonded indebtedness, are questions that are not involved in this appeal.

The remaining grounds of appellants' motion for rehearing are but formal repetitions of the propositions presented in their brief.

We think the motion should be overruled, and it is so ordered.

Overruled.