CITY OF EAGLE LAKE v. LAKESIDE SUGAR REFINING CO.†

(Court of Civil Appeals of Texas. San Antonio. Jan. 31, 1912. Rehearing Denied Feb. 28, 1912.)

1. APPEAL AND ERROR (§ 937*) — REVIEW—PRESUMPTIONS—FILING OF TRANSCRIPT.

On a motion to dismiss an appeal on the ground that the transcript was not filed in the Court of Civil Appeals to which it was originally returnable, where that court had discretion to allow it to be filed within 90 days after the appeal was perfected, and the clerk thereof had no power to file it, unless authorized to do so by rule 2 for Courts of Civil Appeals (67 S. W. xiii), the Court of Civil Appeals to which it has been transferred, finding a transcript filed will presume that the clerk acted in accordance with his duty in filing it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3788–3794; Dec. Dig. § 937.*]

2. APPEAL AND ERROR (§ 627*)—FILING TRANSCRIPT—WAIVER OF FILING.

The filing of a transcript on appeal within 90 days after the appeal has been perfected is not jurisdictional, and is a matter which the appellee may waive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2744–2749, 3126; Dec. Dig. § 627.*]

3. APPEAL AND ERROR (§ 797*)—FILING OF TRANSCRIPT—WAIVER.

Where a transcript was filed in a Court of Civil Appeals after 90 days, and, after remaining on the docket of that court for six months without objection, the cause was transferred to another Court of Civil Appeals, where it remained another six months without objection, a motion to dismiss on the ground that the transcript was filed too late was waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3149–3154; Dec. Dig. § 797.*]

4. SCHOOLS AND SCHOOL DISTRICTS (§ 106*)—COLLECTION OF TAXES—AUTHORITY TO SUE.

Under Laws 1905, p. 302, § 148, which provides for the extension of city limits for school purposes only, and makes it the duty of the city officers to collect the school taxes within the added territory, the city is authorized to collect the taxes therein by suit.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 106.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

5. SCHOOLS AND SCHOOL DISTRICTS (§ 42*)—EXTENSION OF DISTRICT—STATUTORY PROVISIONS.

Under Sayles' Ann. Civ. St. 1897, art. 574, which provides that whenever a majority of the inhabitants of any territory adjoining a city to the extent of one-half mile in width shall vote in favor of becoming a part of the city the city may annex such territory, and Laws 1905, p. 302, § 148, which provides that any city which has taken charge of public schools within its limits may, by ordinance, extend its corporate lines for school purposes only on a petition signed by a majority of the qualified voters of the territory to be annexed, provided that the change shall not deprive the scholastic children of the remaining part of the common school district of the opportunity to attend school, any extension of a city's limits for school purposes, though it embraces land more than one-half mile in width, is authorized, if it complies with the condition preserving the right of attendance at school.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 81–85; Dec. Dig. § 42.*]

6. SCHOOLS AND SCHOOL DISTRICTS (§ 22*)—EXTENSION OF DISTRICTS—CONSTITUTIONAL AND STATUTORY PROVISIONS—DISINCORPORATION.

Laws 1905, p. 302, § 148, authorizing extension of city limits for school purposes only on the affirmative vote of a majority of the qualified voters of the territory which is to be included, in so far as it does not require that the city shall surrender control of its public schools theretofore assumed, is not in conflict with Const. art. 11, § 10, which provides that the Legislature may constitute any city or town a separate and independent school district.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 22.*]

7. SCHOOLS AND SCHOOL DISTRICTS (§ 102*)—POWER TO TAX—CONSTITUTIONAL AND STATUTORY PROVISIONS.

Under Const. art. 7, § 3, as amended in 1883, which authorized an ad valorem tax on property within a school district at a certain rate, provided two-thirds of the qualified voters shall vote such tax, and which, as amended in 1908 (see Laws 1907, p. 413), made a majority vote sufficient, no property could be annexed to a city for school purposes and subjected to such tax without compliance with the requirement for a majority vote, and a vote taken within the city limits several years before its extension to adjoining territory for school purposes was not a compliance with the requirement for a majority vote at an election held for the purpose of extending its limits; and hence a tax on such territory was unenforceable.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 102.*]

Appeal from District Court, Colorado County; M. Kennon, Judge.

Action by the City of Eagle Lake against the Lakeside Sugar Refining Company. Judgment for defendant, and plaintiff appeals. Affirmed.

W. S. Strickland, Emanuel Roos, and Carothers & Brown, for appellant. W. L. Adkins and J. J. Mansfield, for appellee.

JAMES, C. J. This case comes to this court by appeal from a judgment sustaining a general demurrer to an amended original petition of the city of Eagle Lake, which sought to recover of appellee certain school taxes for the years 1908 and 1909 on a tract of land lying outside of the corporate limits of said city, but inside of the limits as extended for school purposes only.

The allegations of the petition are, in substance, as follows: That the city of Eagle Lake is incorporated under the general laws of the state, relating to cities of 1,000 inhabitants or more; that defendant owns the 50 acres against which the taxes are claimed; that the city, by a vote of its citizens, had duly taken charge of its public schools within its limits several years prior to September 3, 1907, and by vote of its citizens authorized and voted a tax, not exceeding 50 cents, on the $100 valuation, to be levied by the city council for the purpose of maintaining its public schools within its corporate limits; that on said date (September 3, 1907) the city council, with due formalities of law, and by ordinances, extended the city's corporate limits for free school purposes only, in pursuance of a petition signed by a majority of the resident qualified voters of the territory which was so taken into the city for school purposes only, and recommendation by a majority of the trustees of its public schools, which change did not have the effect of depriving the scholastic children of any school district, or any part thereof, of the opportunity to attend school; that said petition, recommendation, and ordinance were filed with the county clerk for record on February 5, 1908, and duly recorded; and that the 50 acres in question lie in the territory covered by said extension. The remainder of the petition relates to the proceedings by which the city levied a tax on this added territory of 20 cents on the $100 valuation for the year 1908, and 38 cents on the $100 for 1909. The answer contained, besides a general demurrer, various special demurrers.

The judgment recites that the judge sustained the general demurrer for the following sole reason, which we quote: "The general demurrer is sustained upon the ground that the petition upon its face shows that the city of Eagle Lake extended its municipal territory for school purposes only, greatly more than one-half mile in each direction that the extension was made, and this court holds that upon that ground the attempt to take in any additional territory outside of the municipal limits of the city of Eagle Lake is void. The question of the constitutionality of the act of 1905, authorizing the extension of the territorial limits of municipal corporations for school purposes only, is not passed upon, for the reason that the court concludes that that act must be construed in harmony with the general law prohibiting such corporations from extending their limits more than a mile at any one

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

time; and if this construction be correct the attempt of the city of Eagle Lake to extend its territorial limits for nearly three miles in each of three of its boundaries is absolutely void for any purpose."

[1] We are met at the start with a motion to dismiss the appeal, because it appears that the transcript was not filed in the Court of Civil Appeals (at Galveston, to which it was originally returnable) within 90 days after the appeal was perfected. The judgment was rendered on October 12, 1910, when the city gave notice of appeal. The term ended October 15, 1910. The city filed an appeal bond on November 2, 1910; counsel laboring under a doubt as to whether or not the city was relieved of giving one, in view of the peculiar subject-matter, notwithstanding article 570, Sayles' Rev. Statutes. The transcript was filed January 30, 1911, within 90 days from the filing of the appeal bond, but about 20 days too late, if we count from the notice of appeal. We need not decide whether or not an appeal bond by the city was necessary. If it was, it was given and the transcript was filed in the Court of Civil Appeals within 90 days thereafter. If it was not required, the appeal was perfected without it, and there are substantial reasons why this motion should be overruled. The matter does not arise on a motion to be permitted to file the record, but upon a motion to treat the actual filing of it as void. This we are in no position to do, for the reason that, finding it filed, and the Court of Civil Appeals having discretion to allow it to be filed after the 90 days for good cause, and the clerk of the court being restrained from filing it, unless authorized by the court to do so (rule 2 for Courts of Civil Appeals [67 S. W. xiii]), we will presume the latter officer acted in accordance with his duty in filing it.

[2, 3] We think, also, that where it merely appears that a transcript is filed after the 90 days and remained on the docket of the court for six months, without the matter being questioned, and then the cause is transferred to another Court of Civil Appeals, where it remains another six months without question, a motion thereafter, questioning the act of filing, comes too late. The court had power to admit it to filing. It was a matter which the appellee could waive. Hence it was not jurisdictional in any sense. We think appellee, by its delay in questioning it, under all the circumstances, has waived it, and the motion to dismiss is overruled.

[4] Another question raised by appellee, and which we may dispose of in limine, is that the city cannot maintain a suit for these taxes. Inasmuch as section 148 of the act of 1905 (Laws of 1905, p. 302), by the final paragraph thereof, makes it the duty of the city officers to collect the school taxes within the added territory, it authorizes the city to collect such taxes by suit.

[5] We doubt the correctness of the reason assigned by the trial judge for the judgment. The article referred to as controlling the extent of territory intended by section 148 is article 574, Sayles' Rev. St., which has as its subject-matter the extension of the city's limits for general municipal purposes. Section 148 of the act of 1905 deals with the subject of extending the corporate lines of a city for school purposes only, a different subject-matter. In section 148, no limit of territory is fixed, except "that the change shall not deprive the scholastic children of the remaining part of the common school district or districts which may be affected by the proposed change of the opportunity of attendance upon school." This limitation is not consistent with the idea that the Legislature intended that the change should stop at a half mile from the city's limits. That the Legislature had power to extend the change further cannot be questioned. Any extension which, as in the particular case, complies with said condition, appears to us to be the extent of territory authorized to be taken in.

Appellee advances, in support of the judgment of the court, several propositions. One is: "If it be permissible for a city incorporated under the general law, which had, previous to the act of 1905, assumed control of its public schools, to be formed into an independent school district embracing outlying territory by an extension of its boundaries, as provided in section 148 of the act of 1905, without surrendering control of such public schools, then, notwithstanding this, a levy of more than 20 cents on the $100 valuation on property brought in by such extension is void." This proposition cannot be sustained, for the reason that only 20 cents was levied for 1908, and, although the levy for the year 1909 was in excess of this, the constitutional amendment of 1908 (see Laws of 1907, p. 413) increased the authorized amount to 50 cents.

Another proposition is as follows: "The allegations of the amended petition being that the city of Eagle Lake was incorporated under the general law provided for cities of 1,000 inhabitants or over, and that since such incorporation it had legally assumed control of its public schools, and that thereafter its corporate limits were extended, * * * upon the petition of a majority of the qualified voters of such extension, by ordinance of the city, without showing that said city had abandoned control of its public schools theretofore assumed, and out of which action grows plaintiff's claim against defendant for taxes on property lying wholly within such extension, render such petition subject to general demurrer, for the reason that the ordinance and other acts done in bringing about such extension, as well as section 148 of the Laws of 1905, by virtue of which said acts were done and

ordinance passed, are void, as being in contravention of article 7, § 3, and article 11, § 10, of the Constitution as it existed at the time of such extension."

[6] It was determined in State v. Brownson, 94 Tex. 436, 61 S. W. 114, that the Constitution gives the Legislature a free hand in creating school districts. In that case, the Legislature, by direct act, created the Victoria independent school district in part of territory embracing an already incorporated city. This was held to be a constitutional exercise of its power. We fail to comprehend, if the Legislature has power to do this by a special act, why it has not the power, through a general act, to authorize the creation of a school district composed of an incorporated city and contiguous territory. Hence we hold the act of 1905, under which this territory was added to the city of Eagle Lake to constitute a school district, was authorized without the necessity of the town first undergoing disincorporation for the purpose, as contended.

[7] Another proposition is as follows: "A petition alleging the formation of a school district by the extension of the boundaries of an incorporated city having control of its schools, and showing no school tax has been voted by a majority of the qualified property tax paying voters of such district since such extension, and seeking to recover taxes not so voted on the property brought in by such extension, is subject to general demurrer, for the reason that all municipal taxes must be levied by a majority vote of all the qualified property tax paying voters."

Section 3, art. 7, of the Constitution, as amended in 1883, authorized an additional ad valorem tax on property within a school district to the extent of 20 cents on the $100, provided two-thirds of the qualified property tax paying voters, voting at an election held for that purpose, shall vote such tax. This was a clear prohibition of any of such tax not so voted. As amended in 1908, a majority vote became sufficient, and the authorized amount was raised to 50 cents.

It appears from the petition that the vote, upon which the tax levied in this case rests, is a vote had by the citizens of Eagle Lake several years before September, 1907, which was a vote confined to the corporate limits of the city, and did not concern this outlying territory. We are of opinion that no property could be annexed to the city for school purposes and subjected to the additional tax, without compliance with said condition prescribed by the Constitution in respect to the added territory. The vote taken in the city several years before this annexation was made was not such compliance, and it is apparent from the record and the papers filed in this case that no election or vote has been had on the subject of this outlying territory.

Appellant meets this difficulty in a filed argument by stating "that the people in the outlying territory petitioned the city to take them in for school purposes; they were not forced in. An election had been held prior to this time, and a tax, not to exceed 50 cents on the $100 valuation had been authorized for school purposes. The petitioners were charged with notice of this when they asked that the outlying territory be taken in, and they came in, subject to all school ordinances and laws then in force; like an intervener coming into a suit, they took matters as they found them." How this satisfied the requirement then in force for a vote of two-thirds at an election held for the purpose, we fail to comprehend. The application was by a majority only, and the vote referred to was a vote taken years before, and only within the corporate limits of the city. The application was sufficient, under the terms of section 148 of the act of 1905, to warrant the creation of the municipal school district to include this territory; but it could not answer as a substitute for the vote necessary to be taken in order to authorize the additional tax. If appellant's argument is sound, a large part of the territory of the state may be subjected to such taxes without observance of the constitutional provision as to a vote, which provision we think cannot be disregarded nor evaded. As it appears there has been no observance of it with respect to the added territory in which the property in question is situated, the tax sued for cannot be enforced.

Judgment affirmed.