LOVE v. ROCKWALL INDEPENDENT
SCHOOL DIST. et al. (No. 7802.)

(Court of Civil Appeals of Texas. Dallas.
March 24, 1917. Rehearing Denied
May 5, 1917.)

1. SCHOOLS AND SCHOOL DISTRICTS ⬤108(4)
—LEVY OF TAX—BONDS OF INCLUDED DISTRICT—VOTE OF TAXPAYERS.
    The directors of an enlarged or consolidated school district can levy a tax to pay the interest and sinking fund for bonds issued by an included district whose property was transferred to the enlarged district if such tax is voted by the taxpayers of the enlarged district.
    [Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 235, 259.]

2. SCHOOLS AND SCHOOL DISTRICTS ⬤108(4)
—LEVY OF TAX—VOTE OF TAXPAYERS—PURPOSE—"SUPPORT"—"MAINTENANCE."
    A vote of the taxpayers of an enlarged district authorizing a tax for the support and maintenance of schools therein does not authorize the levy of a tax on the property of the enlarged district for the interest and sinking fund of bonds of an included district, since "support" and "maintenance" are synonymous and mean to hold in an existing state or condition, and in Vernon's Sayles' Ann. Civ. St. 1914, art. 2857, authorizing the trustees to submit to voters two questions, one whether they shall levy a special tax for the maintenance of schools, and another whether they shall levy a special tax for the purchase of sites and the construction of school buildings, "maintain" is used in contradistinction to debts.
    [Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 235, 259.
    For other definitions, see Words and Phrases, First and Second Series, Support; Maintenance.]

3. SCHOOLS AND SCHOOL DISTRICTS ⬤102 —
LEVY OF TAX—INTEREST AND SINKING FUND
—PART OF CONSOLIDATED DISTRICT.
    Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2841, requiring school trustees to levy and collect when authorized by the voters a sufficient tax to pay the interest and the portion of the principal annually maturing of the district's outstanding debt, the trustees of an enlarged school district not authorized by taxpayers of that district to levy a tax on all the property to pay the bonds of an included district should levy on the property of the included district the tax theretofore authorized to make such payments.
    [Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 233, 237–239, 252.]

4. SCHOOLS AND SCHOOL DISTRICTS ⬤103(4)
—LEVY OF TAX—LIMITATION OF AMOUNT.
    Where the property of a former school district included in an enlarged district was subject to tax to pay the bonds thereof, the amount levied against that property for the maintenance of schools should be reduced so that the total levy thereon would not exceed the constitutional limit of 50 cents on each $100 of valuation fixed by Const. art. 7, § 3, and Vernon's Sayles' Ann. Civ. St. 1914, art. 2841.
    [Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 242.]

Appeal from District Court, Rockwall County; W. F. Whitehurst, Judge.

Suit by A. E. Love against the Rockwall Independent School District and others. Judgment for the defendants, and plaintiff appeals. Reversed and remanded on rehearing.

A. H. Mount, of Dallas, for appellant. T. B. Ridgell, of Rockwall, for appellees.

RASBURY, J. In our original opinion we affirmed the judgment of the trial court in this case on the theory that the collection of the tax sought to be enjoined was levied in compliance with the rule announced in Crabb v. Celeste Independent School District, 105 Tex. 195, 146 S. W. 528, 39 L. R. A. (N. S.) 601, Ann. Cas. 1915B, 1146. Counsel for ap-

pellants on rehearing raise the collateral issue that, while the tax levy was authorized by the voters, it was not authorized for the purpose to which it was appropriated following the election. The proposition urged in the brief is that the power to levy and collect supplementary school taxes must be submitted to the taxpaying voters of the district. The levy of the tax collection of which is sought to be enjoined was submitted to and authorized by the voters; and, while the issue now raised was not presented in the brief, we should have anticipated same and considered it, since it is a corollary of the proposition actually urged. Accordingly we withdraw our original opinion and herewith restate and reconsider the appeal as a whole.

The appellant in the court below by appropriate pleading sought injunction restraining appellees, Rockwall independent school district, its trustees and the school tax collector, from collecting certain taxes levied against the taxable property in said district for the purpose of maintaining the public schools in said district and creating an interest and sinking fund for certain bonds theretofore voted and issued by common school district No. 2 of Rockwall county, which last-named district had been merged into and constituted a part of appellee Rockwall independent school district, and sought also a mandatory injunction requiring the trustes of Rockwall independent school district to levy a tax against the taxpayers in common school district No. 2 sufficient for that purpose. The relief sought was denied, and appellant brings the case here for review.

The facts which control the disposition of this appeal are undisputed, and those essential are in substance these: In the year 1909 common school district No. 2 of Rockwall county, then lawfully created and existing in the manner provided by law, voted and issued school bonds in the amount of $25,000, maturing 40 years from that date, and authorized the levy and collection of a tax of 25 cents on each $100 of valuation on all taxable property within the district with which to pay the interest on and to create a sinking fund with which to redeem same at maturity. The bonds were negotiated and the proceeds used in the erection of a school building in common school district No. 2. Thereafter, in the year 1913, the Legislature created the Rockwall independent school district, one of the appellees in this proceeding. Within the territory constituting the boundaries of the new district was all the territory formerly constituting common school district No. 2. By the act the title to all property in the new district was vested in its trustees for the use of the public free schools therein. Special Laws Reg. Sess. 33d Leg. c. 116, p. 451. The trustees of the independent or new district after its creation took over all the property of the old district, consisting of its school buildings and $6,139.97 of available school funds, and since and now claim control and ownership of the same. Thereafter, on July 18, 1916, the trustees of Rockwall independent school district ordered an election in that district for August 12, 1916, to determine whether the trustees should levy and collect an annual tax upon all taxable property in the district for the support and maintenance of the public free schools therein not to exceed 50 cents on each $100 of valuation of the taxable property. An election was held and the levy of the tax authorized by a majority of the property taxpayers of Rockwall independent school district. Thereafter the trustees met and by resolution declared that a majority of the voters had authorized the tax, and by the same resolution levied a tax of 35 cents on each $100 of valuation of the taxable property for the support and maintenance of the district schools and a levy of 15 cents to pay the interest on and create a sinking fund for outstanding bonds. The only outstanding bonds were those for $25,000 voted by former common school district No. 2. The 15-cent tax so levied will produce annually approximately $1,500. To pay the interest on and provide a sinking fund for the outstanding bonds requires an annual sum of approximately $1,900. There is now and was at the time of the levy available for said purpose $6,139.97 drawing 4 per cent. per annum interest. Said sum had been levied and collected from the taxpayers of common school district No. 2. The bonds run 36 years from the year 1916. Appellant is a property taxpayer in both the old and the new district. He voted against the tax at the election held August 12, 1916, in the new district.

[1] By the first assignment the issue is made that the levy of the 15-cent tax against all the taxable property in Rockwall independent school district for the purpose of paying the interest on and creating a sinking fund with which to pay the $25,000 of bonds voted by common school district No. 2 is illegal and void for the reason that those of the taxpayers who were not residents of common school district No. 2 when the bonds were voted had no voice in creating the debt. That fact alone will not prevent the taxpayers of the enlarged district taxing themselves therefor. The Supreme Court in Crabb v. Celeste Ind. School District, supra, following Eagle Lake v. Lakeside Sugar Refining Co., 144 S. W. 709, held, in effect, that when school districts are enlarged, annexed, or consolidated, the trustees of the enlarged districts are without authority to levy a tax against the taxpayers as a whole in the new district for the purpose of redeeming the bonded debt of the annexed territory without first submitting the question to a vote of all the taxpayers in the enlarged district. Such is the settled law in this state, and any tax levied counter to that rule is void and its collection may be enjoined. We do not un-

derstand the holding of the Supreme Court in that case, however, to be that all the taxpayers in an enlarged district may in no event be taxed for the purpose of redeeming the bonded indebtedness created by that portion of the enlarged district which formerly constituted within itself a school district. We understand the holding to be that they may do so without thereby violating the constitutional provision invoked in that and the present case. The substance of the holding in that case contained in the concluding paragraph of the opinion is:

"That where an independent school district votes a special tax pursuant to the authority conferred by * * * the Constitution and afterwards extends the boundaries of such district, the existing special tax so authorized cannot be levied and collected against the property in such extension until such assessment is authorized by a vote of the qualified taxpaying voters of the district as extended."

It is thus made clear that taxpayers may be taxed in such cases for the purpose of paying an indebtedness with the creation of which they had nothing to do if a majority of the voters in the enlarged district vote to do so. In cases of enlarged or consolidated districts the new district as a body corporate succeeds to the property as well as any money available for school purposes, and it is at least just and reasonable that they may by vote assume the debts of the district whose property has thus been vested in the new district. By reference to the act of the Legislature creating Rockwall independent school district cited herein, it will be seen that the Legislature vested in the Rockwall independent school district the title of the school property of common school district No. 2, including $6,139.97 in money, and directed all school funds apportioned to the territory included in the new district to be paid its trustees.

[2] Then the question now arises, which we did not consider in our original opinion: Did the taxpaying voters of the enlarged district at the August election vote to assume the debt existing in common school district No. 2? We now conclude they did not. The question submitted to the voters of the enlarged district by the school trustees was whether they would vote a tax of 50 cents "for the support and maintenance of public free schools" in the enlarged district? The language used is not, in our opinion, sufficiently comprehensive to warrant the conclusion that the voters intended thereby to assume the debt of common school district No. 2 and a consequent levy of a portion of the tax so authorized to the payment of said debt. The rule requiring such question to be submitted to the taxpaying voters, as we have shown, grows out of the construction of the Constitution (article 7, § 3), and there is no statutory or other method prescribed for submitting the question in any particular language. We have found in our reports no opinion construing the term "support and maintenance of the public free schools" as used at the election. "Maintain" and "support" are synonymous, and in a general sense mean "to hold in an existing state or condition." Century Dictionary. In our statutes relating to school taxes "maintain" is used in contradistinction to debts. Article 2857, Vernon's Sayles' Civ. Stats. There it is said that the county school trustees may submit to the voters two questions, one being whether they shall levy and collect a special tax for the "maintenance of schools," and another being whether they shall levy and collect a special tax for the purchase of sites * * * and the construction, etc., of public free school buildings. In other jurisdictions it has been ruled that "support," used in reference to common schools, means continuing regular expenditures for the maintenance of said schools, so that a fund for the support of such schools cannot be used for purchasing a school site or constructing a building thereon. Sheldon v. Purdy, 17 Wash. 135, 49 Pac. 228; Roach v. Gooding, 11 Idaho, 244, 81 Pac. 642. If then a fund voted for the support of the common schools may not be used to purchase a site and build a schoolhouse, neither may such a fund be used for the purpose of paying the debt owing therefor as in the case at bar. Such conclusion, we believe, to be sound in principle and reason.

As a consequence the court should have restrained the appellees from collecting any part of the fund voted and levied for the support and maintenance of the schools in the enlarged district for the purpose of paying the interest on and creating a sinking fund with which to pay the principal of the debt created by common school district No. 2.

[3] It is also urged that in the event the appropriation of 15 cents of the tax voted to maintain the common schools in the enlarged district for payment of the debt of common school district No. 2 is void that then the trial court erred in refusing appellant a mandatory injunction requiring appellees to levy a tax of 25 cents on the $100 of valuation against all taxable property in common school district No. 2, for the purpose of paying the annual interest and principal on the bonds issued by it for the year 1916. In connection with the issue so presented it is, of course, the duty of school trustees to levy and collect, when authorized by the taxpaying voters, such tax as will be sufficient to pay the annual interest and that portion of the principal annually maturing of the district's outstanding debt. Article 2841, Vernon's Sayles' Civ. Stats. It appears from the facts in the record that a tax of 25 cents was required. If that much is not required, it will so appear upon another trial.

[4] It is also urged that the trial court should have restrained appellees, the school trustees, from levying and collecting 35 cents as maintenance tax on the ground that it

will require 25 cents on the $100 of valuation to pay the interest and maturing principal of the bonded indebtedness of common school district No. 2, which amount, added to the 35 cents levied for maintenance of the schools, will exceed the constitutional limit of 50 cents. By article 7, § 3, of the Constitution and by article 2841, Vernon's Sayles' Civ. Stats., the tax necessary to meet the bonded indebtedness, principal and interest, and the expense of maintaining the public schools, shall never exceed 50 cents on the $100 of valuation. Accordingly, if upon another hearing it appears that the tax necessary to meet the bonded indebtedness, interest and principal, levied against the taxpayers in common school district alone, added to the 35 cents levied to maintain the schools in the enlarged district exceeds 50 cents on the $100 valuation, as to the taxpayers in common school district No. 2 alone, then the maintenance tax should be lowered so as to bring the combined sums within the constitutional maximum.

It is urged by counsel for appellees with much force that fairness, right, and justice dictates that the taxpayers of the enlarged district, having succeeded to the property, money, and school fund of common school district No. 2, should in like manner assume its debts. The contention certainly has right and justice for its basis, and we doubt not will appeal to the taxpayers when that issue is presented to them at an election.

For the reasons stated the judgment of the court below is reversed, and the cause remanded for another trial not inconsistent with the views herein expressed.

Reversed and remanded.