GEFFERT v. YORKTOWN INDEPENDENT SCHOOL DIST.    (No. 8777.)

(Court of Civil Appeals of Texas.    Galveston.
April 21, 1926.    Rehearing Denied
May 27, 1926.)

1. Statutes ⬤122(4)—Failure to incorporate provision for repeal of conflicting laws in caption of act held not obnoxious to Constitution (Const. art. 3, § 35; Sp. Acts 37th Leg. [1921] c. 45).

Failure to incorporate in caption of Sp. Acts 37th Leg. (1921) c. 45, creating school district, provision of section 5 for repeal of all conflicting laws, *held* not obnoxious to Const. art. 3, § 35.

2. Statutes ⬤109—Statute, all provisions of which are fairly within object expressed in caption, is not obnoxious to Constitution (Const. art. 3, § 35).

Where all provisions of act are fairly within object, expressed in caption, it cannot be held obnoxious to Const. art. 3, § 35, which was intended to prevent bringing together in one bill diverse subjects not necessarily connected, with view to securing passage of several measures, neither of which could probably succeed on its own merits.

3. Statutes ⬤109—Only general or ultimate object, not details by which attained, need be stated in caption.

Only general or ultimate object of statute, not details by which attained, need be stated in caption, and any provision calculated to effectuate such object is admissible.

4. Statutes ⬤64(10)—Invalidity of provision, not incorporated in caption, repealing conflicting laws, held not to invalidate other provisions of act creating school district, especially in view of constitutional provision, not being so connected that good cannot remain without bad (Sp. Laws 37th Leg [1921] c. 45, § 5; Const. art. 3, § 35).

Other provisions of Sp. Laws 37th Leg. (1921) c. 45, creating school district, than section 5, repealing all conflicting laws, are valid, even if such section is void because not incorporated in caption of act, especially in view of provision of Const. art. 3, § 35, invalidating only

such parts of act as are not expressed in caption; provisions not being so connected that good cannot remain without bad.

**5. Schools and school districts ⊚⟹22—Legislature may create new district including territory of existing district with outstanding bonded indebtedness and other contiguous territory, and provide for levy, assessment, and collection of tax on all property in new district (Const. art. 7, § 3).**

Under Const. art. 7, § 3, Legislature may create new independent school district, including territory of existing district with outstanding bonded indebtedness and other contiguous territory, and provide for levy, assessment, and collection of tax on all property in new district.

**6. Statutes ⊚⟹96(5)—Legislature by special act may authorize levy and collection of taxes by school district for school purposes (Const. art. 3, § 56, article 7, § 3, and article 8, § 3).**

Under Const. art. 7, § 3, Legislature, by special act, may authorize levy and collection of taxes by school district for school purposes, notwithstanding article 8, § 3, and article 3, § 56.

**7. Constitutional law ⊚⟹284(1)—Levy, assessment, and collecton of tax authorized by majority of property tax paying voters of school district on all taxable property therein, including land in territory contiguous to that of former district with outstanding bonded indebtedness, held not taking of property without due process (Sp. Acts 37th Leg. [1921] c. 45).**

Levy, assessment, and collection of tax, authorized by vote of majority of property tax paying voters of school district created by Sp. Acts 37th Leg. (1921) c. 45, on all taxable property in district, including land in territory contiguous to territory of former district with outstanding bonded indebtedness, held not taking of property without due process of law.

**8. Schools and school districts ⊚⟹106—Statute limiting defenses to tax suits held not to deprive defendant in tax suit by school district from setting up defense that land was not within district on first day of year for which levy was made (Acts 38th Leg. [1923] 2d Called Sess. c. 13, § 6 [Rev. St. 1925, art. 7329]).**

Acts 38th Leg. (1923) 2d Called Sess. c. 13, § 6 (Rev. St. 1925, art. 7329), inhibits other defenses than those named only in suits for delinquent taxes accruing by legal levy, and does not deprive defendant, in tax suit by school district, from setting up defense that no tax had accrued against his property because not within district on first day of year for which levy was made.

**9. Taxation ⊚⟹295—No taxes accrue until legal levy is ordered by proper authorities.**

No taxes are assessable until legal levy is ordered by proper authorities, and, if no such levy has been ordered, no taxes have accrued.

**10. Schools and school districts ⊚⟹102—Land included in district after first of year is not subject to taxes for such year (Vernon's Sayles' Ann. Civ. St. 1914, art. 940).**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 940, which applies to school districts as well as cities, land included within district after first of year is not subject to taxes for such year.

**11. Schools and school districts ⊚⟹103(1)—Order levying taxes for year after that in which district was established held substantially in manner and form required by law.**

Order of school district board of trustees, levying taxes for year following that in which district was established, *held* made in manner and form substantially as required by law.

**12. Schools and school districts ⊚⟹106—Evidence held to show that order levying taxes was in writing before being spread on minutes, and to support finding that it was adopted by board of trustees.**

Evidence that five of six trustees of school district, including president and secretary of board, were present and participated when order levying taxes was placed of record, and that order was signed by president and secretary as such and by other four trustees, showed that it was in writing before being spread on minutes, and with fact that board appointed board of equalization to equalize taxes and thereafter acted thereunder in assessing and collecting them, was sufficient to support finding that trustees adopted order.

Appeal from District Court, De Witt County; John M. Green, Judge.

Action by the Yorktown Independent School District against Ferd H. Geffert. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

Ward & Ward, of Houston, for appellant.

Sam C. Lackey, of Cuero, and Lewright & Lewright, of San Antonio, for appellee.

LANE, J. This suit was brought by Yorktown independent school district against Ferd H. Geffert to recover taxes alleged to be due and unpaid on certain 5 acres of land, the property of Geffert, situated within the boundaries of said school district, for the years 1921 and 1922, together with penalties, interest, and costs, for a foreclosure of the tax lien on said property, and for a sale of the same to pay said taxes.

Plaintiff alleged that such taxes, interest, penalties, and costs had accrued and been taxed against said land in the manner and form as required by law, that the legal officers of said school district duly and legally levied, assessed, valued, and reported said property for the respective amounts of taxes, interest, penalties, and costs for the respective years of 1921 and 1922; that said property was listed, inventoried, and rendered for the respective amounts shown and itemized; that the said taxes accrued and became due for the respective years, and the defendants, having failed and refused to pay said taxes on or before the 31st day of January next after the same became due, were penalized by law with a penalty of 10 per cent. of the entire amount of the taxes termed delinquent; and that the several sums of taxes, interests, penalties, and costs as itemized accrued in regular order because of the non-

payment of the said taxes due upon the above-described property when the same became due; that the said taxes, interest, penalties, and costs for the respective year or years that are reported delinquent are just and true, and are a true and correct charge against the defendant, who has failed and refused to pay same, and the same are due, past due, and unpaid, and, although legally requested, defendant has failed and refused and still fails and refuses to pay the same to plaintiff's lawful damage; that the school board of said district did cause to be prepared, upon said failure and refusal to pay said taxes by said defendant, by and under the direction of the tax collector of said district, a list of all lands and lots and parts of lots, and the list of the real property described above, where delinquent taxes were past due, into a book called a "Delinquent Tax Record," giving the names of the owners of said property, a brief description of said property and other properties included therein, and the amount of taxes due; and said delinquent tax record was prepared and compiled in the manner and form required by law, and upon the completion of same was delivered to the clerk of said district, who certified the same to the said school board for their examination, approval, and correction, and, after same had been done in accordance with law, the said school board returned the said delinquent tax record to the said clerk to be recorded and was recorded in a book purchased for that purpose; that thereafter, and after the completion of the said delinquent tax record, the school board of said district caused the same to be published in a newspaper in said district once each week for three consecutive weeks; that after the 1st day of April after said taxes were past due and were delinquent the tax collector of said district mailed to the respective address of defendants, when and where known, a notice showing the amount of taxes delinquent, past due, unpaid, legally due, and assessed against the above-described property, and said notice was prepared in the manner and form as required by law, was signed and certified to by the said tax collector, and was stamped with his seal of office, and contained the names of the owners of said land, when known, together with a brief description of the above-described property and an itemized list of the amount of taxes, interest, penalties, and costs due upon said property, and a duplicate copy of said notice was furnished to plaintiff's attorney, and that said notices were mailed out in time to be received by said defendant at a time more than 30 days previous to the filing of this suit; that the tax collector and other legal officers of said district have done such acts, conditions, and things necessary to be done by law in levying, assessing, rendering, listing, and reporting the delinquency of the taxes, interest, penalties, and costs due

by and from the said defendant, and have made and caused to be made such records and supplemental records as required by law; that its suit is instituted at and by the discretion of plaintiff's attorney and the school board of said district, and at and by their own election; that by reason of said listing, assessing, returning delinquent of said real estate, and by reason of the filing, approving, recording, advertising, and filing said advertised lists and other lists of said taxes, and by reason of the giving of due notice in writing to the owner of the delinquent real estate, as required by the Constitution and laws, by the officers and courts, and by reason of the nonpayment of taxes as above alleged, acting by virtue thereof, the plaintiff now has and asserts a prior lien on the above-described real property to secure the payment of the amount of said taxes, penalties, interest, and all costs which have accrued against said property and plaintiff brings this suit to enforce said lien.

Defendant answered by general demurrer, general denial, and specially alleging that said school district as at present was created by a special act of the Legislature of Texas, as shown by Special Acts of the Thirty-Seventh Legislature, p. 122; that by said act the boundaries of said district were so fixed as to embrace all the territory of the old Yorktown independent school district and the land of defendant. which was not in said old district prior to said act; that, prior to the passage of said act by which the new district was created, the old district had legally voted, issued, and sold its bonds in the sum of $30,000, of which $22,000 was unpaid at the time of the creation of the new district. He averred that the special act creating the new district is wholly void, first, in that it violates section 3 of articles 7 and 8 of the state Constitution, and also section 56 of article 3 of the Constitution; and, second, in that the caption thereof contains more than one subject. He averred that, if it be held that said special act is not wholly void, nevertheless so much thereof as provides for an election by the taxpayers of the new district to determine whether or not said taxpayers would assume the outstanding bonded indebtedness of the old district is void, in that there is no law authorizing such an election; that is, the Legislature was without authority to pass any act whereby property brought into the school district by said special act, which was not in the former district, might be taxed to pay the bonded indebtedness of such former district.

He alleged further that his property was not within the new school district on the 1st of January, 1921, and was not therefore subject to taxation by such district for that year; and he further alleged that the taxes sought to be collected from him for either of the years of 1921 or 1922 were not levied as required by law, nor was the law relating to

the assessing of taxes and the collection of delinquent taxes complied with by the officers charged with the performance of the duties prescribed by such laws.

## Facts.

Prior to the act of the Legislature set out below, the city or town of Yorktown constituted the Yorktown independent school district and had issued its bonds, for the purpose of constructing school buildings, in the sum of $30,000, of which $22,000 were unpaid at the time of the passage of the above-mentioned act. The special act of the Thirty-Seventh Legislature (Special Acts, Regular Session, Thirty-Seventh Legislature, p. 122), incorporating the Yorktown independent school district, omitting the description of the territory to be incorporated and the emergency clause, reads as follows:

"An act creating and incorporating the Yorktown independent school district in De Witt county, Texas, containing the present Yorktown independent school district and additional territory described in the field notes herein; providing that the school property be vested in such independent school district and that it assume all outstanding obligations of the school districts included in the district created by this act; providing for a board of trustees for said district, defining their powers and duties; defining the boundaries of said district, and declaring an emergency.

"Be it enacted by the Legislature of the state of Texas:

"Section 1. That an independent school district is hereby created in De Witt county, Texas, to be known as the Yorktown independent school district, containing within its limits all territory inclosed by the following metes and bounds: [Described by metes and bounds.]

"Sec. 2. The management and control of the public free schools of the Yorktown independent school district is hereby vested in a board of seven school trustees elected, and to be elected under the general laws of this state applicable to such independent school district; provided that the trustees now serving as such in the Yorktown independent school district shall continue in office till the expiration of their respective terms.

"Sec. 3. The Yorktown independent school district shall have and exercise, and is hereby vested with all the rights, powers, privileges and duties conferred and imposed by the general laws of this state, now in force or hereafter enacted, upon the trustees of independent school districts incorporated and organized for free school purposes, including the right to levy taxes and issue bonds of said district to the extent, for the purposes, and subject to all of the limitations and conditions under which powers may be exercised, or may hereafter be exercised, under the general laws of this state by the trustees of independent school districts incorporated and organized under the general laws of this state; and all laws applicable to towns and villages, incorporated for free school purposes only, are hereby declared to be in full force and effect, with respect to said Yorktown independent school district.

"Sec. 4. The title to all school property in the Yorktown independent school district is hereby vested in the trustees of said district and their successors in office, provided that the trustees of the district created by this act, shall provide according to law for the assumption by the district of its pro rata part of all outstanding bonded indebtedness of school districts or parts of school districts included in the territory of the district created by the act.

"Sec. 5. All laws and parts thereof in conflict herewith are hereby repealed in so far as they affect the validity of this act."

The land of appellant involved in this suit was not in the old district, but was embraced in the field notes given in the special act above set out.

On the 3d day of September, 1921, after the creation of the new district, 59 taxpaying voters residing therein presented to the trustees thereof the following petition:

"First. We, the undersigned taxpaying voters of the said Yorktown independent school district (as created by an act of the Thirty-Seventh Legislature of Texas, at its regular session), hereby petition your honorable body to order an election as provided by the laws and Constitution of Texas, to determine whether the board of trustees of said district shall have power to annually levy and collect a tax upon all taxable property in said district to pay current interest and provide a sinking fund sufficient to pay the principal at maturity of the outstanding bonds issued by the old Yorktown independent school district, which old district is now included in the present Yorktown independent school district, of and at the rate of 13 cents on the one hundred 00/100 ($100.00) dollars valuation of taxable property in the Yorktown independent school district (as created by the said act of the Texas Legislature), and for the assumption of the outstanding bonds of the old Yorktown independent school district by the present Yorktown independent school district.

"Second. We, the undersigned taxpaying voters of said Yorktown independent school district (as created by an act of the Thirty-Seventh Legislature of Texas at its regular session), hereby petition your honorable body to order an election, as provided by the laws and Constitution of Texas, to determine whether the board of trustees of said district shall have power to annually levy and collect a tax upon all property in said Yorktown independent school district of and at the rate of 40 cents on the one hundred 00/100 ($100.00) dollars valuation of the taxable property in said Yorktown independent school district."

The election petitioned for was held and resulted in favor of all the proposed propositions. No legal levy of taxes was made in manner and form as required by law upon the property within the new district for the year 1921, but an assessment of taxes in the sum of $18.74 was made against the property of appellant for that year, the payment of which the tax collector of said district was demanding.

On the 6th day of October, 1922, at a regular meeting of said board of trustees at which E. F. Viereck, president of the board,

L. H. Gips, N. M. Davis, R. J. Roeder, and J. G. Kerlick, trustees, and G. M. Hinsey, secretary, were present and participating, there was entered of record on the minute book of said board the following:

"Motion was made by R. J. Roeder, seconded by J. G. Kerlick, that the following order levying taxes be accepted:

"Yorktown, Texas, October 6, 1922.

"Order Levying Taxes.

"Be it ordered by the board of trustees of the Yorktown independent school district, at a regular meeting held on this, the 6th day of October, A. D. 1922, in the city of Yorktown, in said district, that there is hereby levied for the year 1922, on all property situated and all property owned within the limits of the Yorktown independent school district, on the 1st day of January of the current year, except so much thereof as may be exempt by the Constitution and laws of this state or the United States, the following taxes:

"First. An ad valorem tax of and at the rate of 60 cents on the $100 cash value thereof, estimated in lawful currency of the United States, for the support and maintenance of the public free schools in said Yorktown independent school district.

"Second. An ad valorem tax of and at the rate of 13 cents on the $100 cash value thereof, estimated in lawful currency of the United States, to pay current interest on and provide one years' sinking fund for the outstanding bonds of said district, dated 8th day of April, A. D. 1910, and August 1, 1916. E. Viereck, Pres. Board of Trust. Y. I. S. D. G. M. Hinsey, Sec. Y. I. S. D. N. M. Davis, Trustee, R. J. Roeder, Trustee, L. H. Gips, Trustee, J. G. Kerlick, Trustee.

"Upon motion of L. H. Gips, seconded by J. G. Kerlick, M. M. Gohlke, J. H. Koehler and E. T. Clark were appointed as board of equalizers of the Yorktown independent school district for the current year.

"Minutes of previous meeting read and adopted. There being no further business, meeting adjourned. E. F. Viereck, Pres. G. M. Hinsey, Sec."

After the taking place of the things above stated, the property of appellant, placed in the district for the first time by the special act creating the new district, was rendered for taxes by appellee for the year 1922, and the taxes assessed against appellant's property for 1922 were $16.61. Appellant failed and refused to pay said taxes, and thereafter, and after said taxes had become delinquent, such acts as are required by law to be done authorizing suit to be brought for the collection of delinquent taxes were substantially performed, and the suit was instituted by appellee school district for the taxes assessed for both years 1921 and 1922, for penalties and costs, a total of $43.22, and for foreclosure of its tax lien on appellant's property.

Upon trial before the court without a jury, judgment was rendered for the plaintiff for the full amount of the taxes sued for for the two years of 1921 and 1922, for penalties, costs, and for foreclosure of lien. The defendant, Geffert, has appealed.

Appellant, among other things, contends that the court erred in rendering judgment for appellee, in that the special act whereby it was sought to create the Yorktown independent school district is unconstitutional and void, because, first, that its caption does not embrace a provision for a repeal of all laws, or parts thereof, in conflict therewith; second, because it expressly abolishes the old district then legally liable for bonded indebtedness, without providing any legal or adequate means for the payment of such indebtedness, but only attempts to transfer the same as a debt of the newly created district; third, because the Legislature had no authority to form an independent school district by embracing the lands in the old district with other lands not in said district; fourth, because it is in violation of section 3 of article 8 of the Constitution, which provides, "Taxes shall be levied and collected by general laws and for public purposes only," in that there was an outstanding bonded indebtedness of the old district and by said act an attempt is made to extend the boundaries of the district so as to include added territory without making provision for payment of said indebtedness, and in that such attempt, if successful, would by special act authorize the levy of a tax on the added property contrary to said Constitution; and, fifth, because it is an attempt to deprive appellant of his property without due process of law.

[1] We do not think any of such contentions are tenable. The failure to incorporate in the caption of the act a provision for the repeal of all laws and parts thereof in conflict with the provisions of the act, as is provided by section 5 thereof, is not, we think, obnoxious to section 35 of article 3 of the Constitution, as contended by appellant. Such section is as follows:

"No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed.",

[2] All the provisions of the special act under consideration come fairly within the object expressed in its caption, and in such case it cannot be held to be obnoxious for want of conformity to the provision of the Constitution above quoted. The purpose intended to be effected by said section was to prevent the "bringing together into one bill subjects diverse in their nature and having no necessary connection, with a view to combine in their favor the advocates of all, and thus secure the passage of several measures, neither of which could [probably] succeed on its own merits." Breen v. Texas & P. R. Co., 44 Tex.

305; Austin v. Ry. Co., 45 Tex. 234; State v. Parker, 61 Tex. 267; Howth v. Greer, 40 Tex. Civ. App. 552, 90 S. W. 211; Giddings v. San Antonio, 47 Tex. 555, 26 Am. Rep. 321; Gerhardt v. School District (Tex. Civ. App.) 252 S. W. 201.

[3] Only the general or ultimate object is required to be stated in the caption, and not the details by which the object is to be attained. Any provision calculated to carry the declared object into effect is admissible. Johnson v. Martin, 75 Tex. 40, 12 S. W. 321; Doeppenschmidt v. Ry. Co., 100 Tex. 535, 101 S. W. 1080; Snyder v. Compton, 87 Tex. 378, 28 S. W. 1061; T. & P. Ry. Co. v. Stoker, 102 Tex. 61, 113 S. W. 3.

[4] If, however, it should be conceded that, by reason of the failure to incorporate in the caption of the act the provision for the repeal of all laws in conflict therewith would render such provision void, still the other provisions thereof might be held to be valid, unless they are so connected with or dependent on each other in subject-matter, meaning, or purpose that the good cannot remain without the bad. Gerhardt v. School District (Tex. Civ. App.) 252 S. W. 197. Indeed, the Constitution invoked by appellant in support of his contention provides that only such parts of an act as are not expressed in its caption shall be void. So we hold that, if section 5 of the act is void because its purpose is not expressly stated in the caption, still the other provisions thereof are valid.

[5] That the Legislature has the power to create a new independent school district by, including within certain limits territory forming an existing independent school district, with outstanding bonded indebtedness and additional territory lying contiguous thereto, and to provide for the levy, assessment, and collection of a tax on all property in such district, as has been done in the present case, is too well settled to require at our hands a detailed discussion of the matter. Section 3 of article 7 of the Constitution of Texas; Love v. Rockwall Ind. School Dist. (Tex. Civ. App.) 194 S. W. 660; Houston v. Gonzales Ind. School Dist. (Tex. Civ. App.) 202 S. W. 963; Id. (Tex. Com. App.) 229 S. W. 467; Gerhardt v. Yorktown Ind. School Dist. (Tex. Civ. App.) 252 S. W. 197; Eagle Lake Ind. School Dist. v. Hoyo (Tex. Civ. App.) 199 S. W. 352; Eagle Lake v. Lakeside Sugar Refining Co. (Tex. Civ. App.) 144 S. W. 709; Davis v. Payne (Tex Civ. App.) 179 S. W. 60.

[6] Section 3 of article 7 of our Constitution, as amended in 1920, empowers the Legislature by special act, without local notice, to form independent school districts, to pass laws for the assessment and collection of taxes in all such districts, and for the management and control of the public school or schools thereof. It is, we think, clear from the provisions of said section that the Legislature may, by special act, authorize the levy and collection of taxes by school districts for school purposes, and that section 3 of article 8 of the Constitution does not, since the amendment of section 3 of article 7, inhibit such levy and collection.

In Love v. Rockwall Independent School District (Tex Civ. App.) 194 S. W. 660, it is said:

"By the first assignment the issue is made that the levy of the 15-cent tax against all the taxable property in Rockwall independent school district for the purpose of paying the interest on and creating a sinking fund with which to pay the $25,000 of bonds voted by common school district No. 2 is illegal and void, for the reason that those of the taxpayers who were not residents of common school district No. 2 when the bonds were voted had no voice in creating the debt. That fact alone will not prevent the taxpayers of the enlarged district taxing themselves therefor. The Supreme Court in Crabb v. Celeste Ind. School District, supra, following Eagle Lake v. Lakeside Sugar Refining Co., 144 S. W. 709, held, in effect, that, when school districts are enlarged, annexed, or consolidated, the trustees of the enlarged districts are without authority to levy a tax against the taxpayers as a whole in the new district for the purpose of redeeming the bonded debt of the annexed territory without first submitting the question to a vote of all the taxpayers in the enlarged district. Such is the settled law in this state, and any tax levied counter to that rule is void, and its collection may be enjoined. We do not understand the holding of the Supreme Court in that case, however, to be that all the taxpayers in an enlarged district may in no event be taxed for the purpose of redeeming the bonded indebtedness created by that portion of the enlarged district which formerly constituted within itself a school district. We understand the holding to be that they may do so without thereby violating the constitutional provision invoked in that and the present case. The substance of the holding in that case contained in the concluding paragraph of the opinion is:

"'That, where an independent school district votes a special tax pursuant to the authority conferred by * * * the Constitution and afterwards extends the boundaries of such district, the existing special tax so authorized cannot be levied and collected against the property in such extension until such assessment is authorized by a vote of the qualified taxpaying voters of the district as extended.'

"It is thus made clear that taxpayers may be taxed in such cases for the purpose of paying an indebtedness with the creation of which they had nothing to do if a majority of the voters in the enlarged district vote to do so. In cases of enlarged or consolidated districts the new district as a body corporate succeeds to the property as well as any money available for school purposes, and it is at least just and reasonable that they may by vote assume the debts of the district whose property has thus been vested in the new district."

[7] In view of the facts shown and the holdings in the authorities cited, we hold that the special act under consideration is in all its parts constitutional, and by the authorities cited we are also supported in the opinion that the levy, assessment, and collection of a

tax authorized by an affirmative vote of a majority of the property tax paying voters of the new district, upon all the property subject to taxation in said district for the year 1922, including appellant's property, is not an attempt to take, nor a taking of, appellant's property in violation of either the constitutional or statutory law of this state, and that such levy and collection is not a taking of appellant's property without due process of law.

While this suit ostensibly was one to recover taxes assessed against appellant's property for the years 1921 and 1922, the real important question or issue involved was the validity of the school district as created by the special act of the Legislature and the authority of the school district so created to levy and collect a tax on appellant's property, which was brought into the district for the first time by said special act, to pay the interest or create a sinking fund on the bonded indebtedness of the old district. Since, then, such issues have been disposed of by what we have already said, the question as to whether the taxes sued for were legally levied for the years 1921 and 1922, and all questions merely incidental thereto, becomes of little real importance to either litigant. But, as the nature of the suit necessarily presents those questions, it becomes our duty to dispose of them, which we will now proceed to do.

[8] Appellant makes the further contentions, as cause for the reversal of the judgment, that, conceding that the school district was lawfully created and that it had authority to levy and collect the taxes in question for the purpose of paying the interest or provide a sinking fund for the bonded indebtedness of the old district, still the court erred in rendering judgment for the plaintiff for such taxes, because, first, the district was not created by the special act of the Legislature until long after the 1st day of January, 1921, and therefore the property of appellant, which was taken into the district after the creation thereof, was not subject to taxation by the district for the year 1921; second, because, if said property was subject to taxation for the years 1921 and 1922, the undisputed evidence shows that there was no legal levy of taxes made by the board of trustees of the district for either of the years 1921 or 1922; and, third, that it was not shown that the acts and things required by law to be done as prerequisites for the bringing of suits for the collection of delinquent taxes were performed by the persons charged with the performance of such acts.

Replying to the foregoing contentions of appellant, appellee invokes section 6 of chapter 13, Acts Second Called Session of the Thirty-Eighth Legislature 1923, which is now article 7329 of the Revised Civil Statutes of 1925, and which is as follows:

"Art. 7329. *Defense to Tax Suits.*—There shall be no defense to a suit for collection of delinquent taxes, as provided for in this chapter except:

"1. That the defendant was not the owner of the land at the time the suit was filed.

"2. That the taxes sued for have been paid, or

"3. That the taxes sued for are in excess of the limit allowed by law, but this defense shall apply only to such excess."

It may be that, if this statute is to be literally construed, appellant is by its provisions barred from defending this suit, upon the grounds that his property was not within the corporate limits of the school district on the 1st day of January, 1921, that no legal levy was made for the years 1921 or 1922, or that the officials charged with the duty of performing certain acts prescribed by law as prerequisites to bringing suit for the collection of delinquent taxes filed to perform such duties as appellant is attempting to do. But we do not think such statute should be so construed. The act of which the article quoted is a part is one prescribing a method for the collection of delinquent taxes. It authorizes the bringing of suits by the state, cities, towns, and school districts for the recovery of delinquent taxes, and it provides that in suits brought to collect delinquent taxes no defenses shall be interposed other than (1) that the defendant did not own the land at the time suit was filed; (2) that the taxes sued for had been paid; and (3) that the taxes sued for are excessive. The several provisions of this act, we think clearly indicate that in its passage the Legislature had in mind only the collection of taxes which had accrued by reason of a legal levy, for, if no levy had been made, no taxes were assessable, and therefore, in such case, no delinquency could occur, and there would be no basis for a suit for collecting of delinquent taxes. We think it was the intention of the Legislature, in limiting the defenses to those named, to inhibit the defendants in suits for delinquent taxes from setting up as a defense only the nonperformance by persons charged with the performance of acts and things required by law to be done as a prerequisite to bringing suits to recover taxes which had actually accrued and had become delinquent. We are loth to believe that the Legislature intended to deprive a defendant in tax suits from setting up his defense that no tax had accrued against the property, and hence he did not owe the taxes sought to be recovered of him.

[9] It is well settled that no taxes are assessable unless and until a legal levy is ordered by the proper authorities, and it follows that, if no such levy has been ordered, no taxes have accrued. And since the undisputed evidence shows that no legal levy of taxes had been ordered upon the property within the school district for the year 1921, no taxes have accrued against appellant's property for that year.

[10] By Article 940, Vernon's Sayles' Civil Statutes 1914, which applies to school districts as well as to cities, it is provided that only such property as is within the limits of a city on the 1st day of January of the current year is subject to taxation by such city, and in City of Austin v. Butler (Tex. Civ. App.) 40 S. W. 340, it was held that land included within city limits after January 1st, and before the assessment of taxes for the year, is not subject to city taxes for such year.

From what we have said it is clear that we think the contention of appellant, that the court erred in rendering judgment against him for taxes for the year 1921, should be sustained and it is so ordered.

[11] We are of opinion, however, that the order purporting to order the levy of taxes for the year 1922 was in manner and form substantially as required by law.

[12] We are also of opinion that the fact that it was shown that, at the meeting of the board of trustees of the school district when the order was placed of record, there were present and participating five of the six trustees, including the president of the board and the secretary thereof, and that said order was signed by the president as such, by the other four trustees, and by the secretary as such, shows that such order was in writing before it was spread upon the minutes, and that the facts mentioned, taken in connection with the further facts that at the same meeting at which this order was entered upon the minutes the board of trustees appointed a board of equalization to equalize the taxes to be assessed under the purported order, and that thereafter the board acted thereunder in assessing and collecting taxes, furnishes sufficient circumstances to support a finding that the board of trustees adopted said order.

If, then, the levy was legally ordered for the year 1922, as we think it was, the court properly rendered judgment for the school district for the taxes for the year 1922, unless such recovery should have been refused upon the grounds that those things required by law as prerequisite to bringing suits for the collection of delinquent taxes had not been done. We do not think the recovery should have been refused for the reasons last mentioned, for two reasons: (1) Article 7329, above quoted, clearly provides that no such defense shall be made in suits for collection of delinquent taxes, such as the present one; and (2) because there was sufficient evidence to support the finding that the prerequisites mentioned were performed before the suit was filed.

For the reasons pointed out, the judgment will be reformed as above indicated, and, as reformed, is affirmed.

Reformed and affirmed.