

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 2, 1949

Hon. Cullen B. Vance
County Attorney
Jackson County
Edna, Texas

Opinion No. V-943.

Re: The authority of the tax col-
lector to collect a common
school district tax levied
prior to a consolidation with
an independent school dis-
trict, and related questions.

Dear Mr. Vance:

Your letter request reads as follows:

"On August 13, 1949, the Navidad Common School
District and the Arenosa Common School District were
consolidated with the Edna Independent School District
under Article 2806 of the Revised Civil Statutes. Prior
to the election these common school districts had a tax
rate of $.75 and the Edna Independent School District
had a rate of $1.00. An election is being held on Sep-
tember 23, 1949, for the purpose of establishing a uni-
form rate of $1.00. On August 8, 1949, the Commis-
sioners' Court of this County made its annual tax levy,
including a levy for school taxes in each of these dis-
tricts. The question now presented is whether the Tax
Collector should proceed with the collection of the tax-
es in these two districts or whether the taxes should be
relevied subsequent to the election to be held on Septem-
ber 23, assuming, of course, that this election results
in a uniform rate.

"I have before me your opinion V-375 dated Sep-
tember 15, 1947, rendered to Honorable L. A. Woods,
State Superintendent, and written by Chester E. Ollison
where it was held that where common school districts
were duly incorporated into an independent school dis-
trict no body could levy further maintenance taxes on
the property of the incorporated districts until the new
district voted the taxes, because the old common school
district ceased to exist and all maintenance taxes there-
tofore voted by it ceased to be in force. This opinion
was based on the case of Pyote Independent School Dis-
trict Vs. Dyer, 34 S.W. 2nd 578.

"Apparently in the Pyote case the common school district was incorporated into the independent district before the tax levy was made by the Commissioners' Court. In the case of the Navidad and Arenosa School District and the Edna Independent School District the election incorporating was held subsequent to the time the tax levy was made by the Commissioners' Court. In the former situation where no levy has been made the solution is rather simple; but in the latter situation after a levy has been made it does not seem possible to apply the rule in the Pyote case. In other words at what stage in the tax process must a common school district cease to exist in such a manner as to make void all action taken by the Commissioners' Court and the Tax Collector toward assessing, levying and collecting the taxes for school purposes. If, as was stated in the Pyote case, when a common school district is incorporated into an independent district the common school district no longer exists, then it would seem that such incorporation would have the effect of wiping out all delinquent taxes owing for school purposes to the common school district.

"It will, therefore, be appreciated if you will render an opinion on the following propositions:

"1. Where a common school district is incorporated into an independent district after the annual levy for taxes has been made by the Commissioners' Court and after tax statements have been prepared and are ready for mailing, is the County Tax Collector precluded from collecting these taxes for the current year?

"2. Where a common school district is incorporated into an independent school district subsequent to October 1st and after some of the taxes for the current year have been paid, is the County Tax Collector precluded from collecting the remainder of the taxes in said common school district for the current year?

"3. Are delinquent taxes owing to a common school district that has been incorporated into an independent school district rendered uncollectible by such incorporation.

"In all situations on which an opinion is requested above, there are no bonded or other obligations owing by the common school districts involved."

Section 15 of Article VIII of the Texas Constitution provides:

"The annual assessment made upon landed property shall be a special lien thereon; and all property . . . shall be liable to seizure and sale for the payment of all taxes and penalties . . . under such regulations as the Legislature may prescribe."

Article 7172, V.C.S., provides:

"All taxes upon real property shall be a lien upon such property until the same shall have been paid. And should the assessor fail to assess any real estate for any one or more years, the lien shall be good for every year that he should fail to assess for; and he may, in listing property for taxes any year thereafter, assess all the back taxes due thereon, according to the provisions of this title."

Taxes do not accrue against property until after there have been both an assessment and a levy. After a proper assessment and a legal levy, a tax liability exists in favor of the taxing authority, together with a lien on the property, until the tax has been paid. Geffert v. Yorktown Independent School District, 285 S.W. 345, 351 (Tex. Civ. App. 1926, error granted - reversed on other grounds); Crocker v. Santo Consol. Ind. Sch. Dist., 116 S.W.2d 750 (Tex. Civ. App. 1938, error dism.).

Section 55 of Article III of our State Constitution reads as follows:

"The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any corporation or individual, to this State, or to any county, or defined subdivision thereof, or other municipal corporation therein, except delinquent taxes which have been due for a period of at least ten years."

The courts have held that accrued taxes are a liability within the provisions of said Section 55 of Article III. State v. Pioneer Oil & Refining Co., 292 S.W. 869, 871 (Comm. App. 1927); Olliver v. City of Houston, 93 Tex. 206, 54 S.W. 940, 943 (1900); City of Henrietta v. Eustis, 87 Tex. 14, 26 S.W. 619 (1894). Inasmuch as taxes which have accrued, by reason of a levy made by the Commissioners' Court, become a fixed liability and cannot be released, it necessarily follows that your three questions should be answered in

the negative. It would be the duty of the county tax collector to collect the accrued taxes for that year and for all other prior years upon which delinquent taxes are owing, as trustee for the newly created independent school district and upon collection should remit same to the independent school district.

## SUMMARY

If a common school district is consolidated into an independent school district after the annual levy for taxes has been made by the Commissioners' Court, the tax liability for that year has been fixed and such liability could not be released or extinguished. The newly created independent school district could not thereafter make a levy for taxes against the property in the common school district. It would be the duty of the county tax collector to collect the accrued taxes for that year and for all other prior years upon which delinquent taxes are owing, as trustee for the newly created independent school district and upon collection should remit same to the independent school district. Tex. Const. Art. III, Sec. 55, and Art. VIII, Sec. 15; Art. 7172, V.C.S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By W. V. Geppert

W. V. Geppert
Assistant

WVG/mwb

APPROVED

FIRST ASSISTANT
ATTORNEY GENERAL